## MICHAEL GERNON v. EDWARD BESTICK, Tutor.

The mere absence of the tutor and under-tutor at the taking of an inventory of property held in common between a minor and another party, for the purpose of effecting a partition by sale, after they have been duly notified to attend, or their refusal to sign the proces-verbal, without a formal protest, can afford no ground upon which to annul the sale.

Thirty days notice is requisite to the validity of a judicial sale of landed property and slaves.

Where lots of ground have been separately appraised, the Sheriff should, unless otherwise directed by the judgment, sell them separately.

Where a minor is interested, the Judge, if satisfied that the property cannot be divided in kind, should not only decree the sale of such property, but should likewise order the convocation of a family meeting to fix the terms of the sale as to the share of the minor.

The Judge should require proof, that property cannot be divided in parts of equal value, without the cantling of tenements to an injurious extent, before ordering a partition by licitation.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*

*George L. Bright,* for plaintiff. *Race & Foster, Brice & Mitchell,* and *Whittaker & Fellows,* for defendant and appellant.

DUFFEL, J. The plaintiff, being the owner of the undivided half of two adjoining lots of ground situated in the city of New Orleans, instituted a suit in partition against the owner of the other undivided half, the minor *James Bestick,* represented by his father and tutor, *Edward Bestick.*

The tutor pleaded the general issue.

Experts were named and sworn, and made, on the 15th of November, 1858, a report, stating " that after a careful examination of said two lots of ground, they are of opinion that the same cannot be divided in kind, one of them being a corner lot, and more valuable than the other."

Two days after, the same experts were named appraisers, and valued the corner lot at $300, and the adjoining one at $400.

The under-tutor of the minor, who was present at the taking of the inventory, refused to sign the proces-verbal, and the tutor, although notified, failed to attend.

The District Judge, on the above evidence, decreed, on the 30th of November, 1858, the sale of the property to effect a partition, without fixing the terms and conditions of the sale, or ordering the convocation of a family meeting for that purpose. The Sheriff, however, proceeded to the sale, and after an advertisement of ten days, adjudicated the two lots, in block, to the plaintiff, for $400 cash. This sale was made January 21st, 1859.

On the 26th of July, 1859, the plaintiff applied for, and obtained an *ex parte* order for a writ of possession, from which last order the tutor took a devolutive appeal. The petition of appeal states no special grounds.

The brief of the appellant states : " There are only two questions for this court to decide : 1st. Whether the minor's inventory was complete, it being unsigned and unassented to, by the tutor and under-tutor of the minor ? and, if declared to be a complete appraisement and inventory, 2d. Whether the rights of the minor in this property could be divested in this forcible manner, and for a less sum than the value of the property, or for the sum for which it was purchased in this case ? "

Were we to be restricted to the two questions presented to this court in their apparent import, we would simply affirm the sale.

88

GERNON
v.
BESTICK.

The mere absence of the tutor and under-tutor at the taking of the inventory, after they had been duly notified to attend, or their refusal to sign the proces-verbal, without a formal protest, can afford no ground of nullity ; and the ruling in the case of *Haché* v. *Ayraud*, 14 An. 178, is an answer to the second question, when taken in its most restricted sense.

But we are satisfied that the apparent defects and radical nullities which pervade the whole case are a sufficient warrant to take the second question, which is addressed to us, in its most enlarged meaning. Had we not arrived at this conclusion, a proper sense of duty would have ·prompted us to make, in our judgment, such a reservation as would have relieved the minor from its effect.

We know of no law authorizing judicial sales of landed property and slaves to be made, in the first instance, before the expiration of the usual advertisements of thirty days—C. C. 971, 1159, 1261, 1304 ; and besides the Sheriff had no warrant to sell the two lots in block and for cash. The lots had been appraised separately, and should, unless otherwise directed by the judgment, have been sold separately. C. P. 676.

The Judge, if satisfied that the property could not be divided in kind, should, not only have decreed the sale, but likewise ordered the convocation of a family meeting to fix the terms of the sale as to the share of the minor. C. C. 1261, 1263 ; *Succession of Charles Morgan, Sr.*, 12 An. 153.

The evidence does not show that the property cannot be divided in two parts of equal value without the cantling of tenements to an injurious extent. C. C. 1262, 1287. Proof to that effect should have been adduced before ordering the partition by licitation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court and Sheriff's sale under it, be annulled and set aside, and that the order for a writ of possession be also set aside, at the costs of the plaintiff in both courts.