### JOHN HENRY KELLER *v.* M. JUDSON.

The Supreme Court can only exercise its jurisdiction in so far as it shall have knowledge of the matters argued or contested below.

If, therefore, the copy of the record brought up be not duly certified by the Clerk of the lower Court, as containing all the testimony adduced, the Supreme Court can only judge of such cause on a statement of facts, prepared and signed in the manner directed in the second section of the sixth chapter of the Code of Prac., or on a written exception to the opinion of the Judge, or on a special verdict, and in the absence of all these it shall reject the appeal with costs; but this is to be understood with such modifications as are contained in the following Article : C. P. 896.

The appellant, who does not rely wholly or in part on a statement of facts, an exception to the Judge's opinion, or special verdict, to sustain his appeal, but on an error of law appearing on the face of the record, shall be allowed to allege such error, if, within ten days after the record is brought up, he files in the Supreme Court a written paper, stating specially such errors as he alleges; otherwise his appeal shall be rejected.

When the property is indivisible by its nature, or when it cannot be conveniently divided, the Judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.

It is said that a thing cannot be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.

APPEAL from the Third District Court of New Orleans, *Fellowes, J.* *Geo. L. Bright,* for plaintiff. *Hewes & Eustis,* for defendant and appellant.

LABAUVE, J. This is a suit in partition of six squares of ground, owned in common by plaintiff, for one undivided half, and the defendants, four in number, for the other undivided half.

The Court below rendered a judgment, decreeing the partition and the sale for cash of the property described in the petition. The syndic, Mills Judson, took this appeal.

The plaintiff and appellee contends in this Court that the appeal should be dismissed, because the appellant has not brought up the evidence nor a statement of facts, to enable this Court to say whether or not the evidence showed that the property can be divided in kind; that the appellant has not filed an assignment of error as prescribed by Art. 897, C. P. The position taken by the said appellee to dismiss this appeal, is untenable. There is no motion to dismiss the appeal; if made now, it could not be sustained. This appeal was made returnable on the first Monday in November, 1865, and was filed here before that day; the certificate of the clerk is in due form, and shows that the record contains all that transpired below, and gives us a full knowledge of the matters argued or contested in the lower Court. Articles 895 and 896 C. P. It is only in the absence of the certificate prescribed by Article 896, above quoted, that the appellant must comply with Article 897, C. P. We have carefully examined the record, and we have been unable to find any evidence showing that the property in question is indivisible by its nature, or that it cannot be conveniently divided without a diminution of its value, or loss or inconvenience to one of the owners, in consequence of dividing it. C. C. Arts. 1261, 1262. It seems to be only on proof of indivisibility by its nature or inconvenience in dividing it, that the Judge is authorized to order the sale of the common property. We are therefore of the opinion that the judgment of our learned brother below is erroneous; the case must be remanded to be proceeded in according to law.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and that the case be remanded to be proceeded in according to law, and that the plaintiff and appellee pay the costs of this appeal.