## No. 12,406.

### WILLIAM COACH VS. WILLIAM HAKE.

A partition by licitation can not be ordered against the prayer of one of the co-proprietors, when it is shown that a division in kind is not practical, or that loss and inconvenience would be suffered by one of the co-proprietors by a division in kind. Where all the co-owners would fare alike a division in kind must be ordered.

APPEAL from the Fourth Judicial District Court for the Parish of Grant. *Machen, J.*

*John C. Ryan* and *W. C. Roberts* for Plaintiff, Appellee.

*R. J. Bowman* for Defendant, Appellant.

Submitted on briefs February 18, 1897.
Opinion handed down March 1, 1897.
Rehearing refused March 29, 1897.

The opinion of the court was delivered by

McENERY, J. The plaintiff and defendant own in common six thousand four hundred and fifty-six 79-100 acres of pine lands, valuable for the timber upon them for saw-mill purposes.

The plaintiff brought suit to partition these lands, and prayed for a partition by licitation. The defendant asked for a partition in kind. In his answer he prayed for an injunction, staying the order for a partition, on the ground that a suit was pending in another State to settle certain partnership affairs between them. The injunction was dissolved, with fifty dollars damages as attorney fees, and a partition by licitation ordered.

The defendant appealed.

The partition proceedings seem to present the sole issue.

The testimony in the record is meagre, and does not impress us that a partition by licitation would be beneficial to both parties.

R. W. Bringhart, the parish surveyor, says he is well acquainted with the lands. and that, in his opinion, the lands should be sold to make a just partition between the parties. His belief is based on the fact that the land would bring more in money if sold at public sale

(we infer that he means the lands would be more valuable if in one ownership), and in his opinion the lands could not be divided in kind without diminution in value, because they are in alternate sections, some convenient to railroad and water transportation, and others are not. That the sections are not uniformly timbered. The main reason assigned for the impractical division in kind is that the land is not in a solid body.

Another witness in general terms corroborates this testimony. It is stated by both that in building trams to reach the timber in some localities, circuitous routes would have to be adopted, and some localities over hill lands.

But witnesses and the single witness for defendant say, that if sold without benefit of appraisement, as ordered, the co-owners without money would be at a disadvantage.

The rule is for a division in kind when it can be made. If by a division in kind the co-owners can be justly dealt with, and each share equally alike, the mere fact that a possible higher price for the land may be obtained by a public sale is not sufficient to overcome the demand of one co-owner for a division in kind. He is entitled to his part of specific property, if it can be given to him without imposing loss or inconvenience on his co-owner.

The land can be divided into two parts. There are no physical objections of such character that the owner of one of the shares would be subjected to great inconvenience or appreciable loss.

The judgment so far as it dissolves the injunction with damages is affirmed; that part of the judgment ordering a partition by public sale is avoided and reversed, and it is ordered that on this part of the case it be remanded to be proceeded with in due course of law, the defendant to pay all costs of the injunction, and the plaintiff to pay costs of appeal in the matter of the partition.