(53 South. 15.)

No. 18,237.

BLANDIN et al. v. BLANDIN.

(June 25, 1910.)

*(Syllabus by Editorial Staff.)*

1. MINORS —UNDERTUTORS AD HOC.
Under Civ. Code, art. 222, authorizing the appointment for a minor of an undertutor ad hoc, when, both parents being alive, there is no tutorship, and yet some step has to be taken in the interest of the minor in the disposition of its property, an appointment of an undertutor ad hoc is proper in a suit for partition of property in which minors have an interest, though their father is dead; their mother being alive, and no tutor having been appointed.
[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 195–209; Dec. Dig. § 78.*]

2. MINORS—PRIVATE SALE OF PROPERTY.
There may be a private sale of property of infants, where their mother only is living, as well as where both parents are living.
[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 90, 91; Dec. Dig. § 40.*]

3. MINORS—TUTOR AD HOC.
Though, under Civ. Code, art. 253, declaring the mother of minors, their father being dead, "bound to fulfill the duties of a tutor till she has caused a tutor to be appointed," it is doubtful whether she could proceed alone against her minor children, through the appointment of a tutor ad hoc, for partition of property, such an appointment may be made in such a suit by the mother and her major child against the minors; the right of the major child to demand a partition being unquestionable.
[Ed. Note.—For other cases, see Infants, Dec. Dig. § 77.*]

4. PARTITION (§ 77*) — INDIVISIBILITY OF PROPERTY—EVIDENCE.
Evidence that a small city lot with a house on it is indivisible in kind, so as to authorize sale for partition, is unnecessary.
[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 211–223; Dec. Dig. § 77.*]

5. SALE OF MINORS' LAND—FAMILY MEETING —APPOINTING MINORS' FRIENDS.
Appointment of friends of the minors to compose the family meeting may be made, in a partition suit, on the mere allegation, unsupported by proof, of a default of relatives.
[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. § 12; Dec. Dig. § 9.*]

Monroe, J., dissenting.

Appeal from Civil District Court, Parish of Orleans; Thomas C. W. Ellis, Judge.

Suit by Ovide C. Blandin, a widow, and another, against the Blandin minors. From the judgment, Edgar Baehler appeals. Affirmed.

Chas. Louque, for appellant. Legier & Gleason, for appellees.

PROVOSTY, J. Mrs. Blandin, joined by one of her major children, sued her minor children for the partition of a city lot 26 feet in width by 127 feet in depth, with a house on it. The plaintiffs alleged that the lot was indivisible in kind, and that consequently it would have to be sold, in order to effect the partition, and that it would be to the advantage of the minors that the sale be made at private sale; that to that end a family meeting would have to be held to fix the terms and conditions of the sale;

that the minors were without a tutor, and a tutor ad hoc would have to be appointed to represent them in the suit.

The court accordingly appointed a tutor ad hoc. This tutor ad hoc, after having duly qualified, filed an answer, in which he pleaded the general denial, and then averred that it would be to the interest of the minors that the property be sold at private, instead of at public, sale, and that a family meeting should be held to advise whether the property was divisible in kind, and whether it should be sold at private sale, and to fix the terms and conditions of the sale, and that an undertutor ad hoc should be appointed to represent the minors at said family meeting. Finally he named two persons as being the only male relations of the minors competent to serve on the family meeting, and four other persons as being friends of the minors, suitable to be appointed on the family meeting. He did not pray for the dismissal of the suit, but simply that, for the purposes stated, a family meeting be held, and an undertutor ad hoc be appointed, and that the persons whom he had named be appointed to compose the family meeting.

The court made an order as prayed. The undertutor ad hoc qualified duly. The family meeting was held. It recommended that the property be sold at private sale, and fixed the terms and conditions of the sale. Its recommendations were approved by the undertutor ad hoc, and, on the petition of the tutor ad hoc, were duly homologated.

The record does not show whether the partition suit was ever tried, or even fixed for trial. A judgment was rendered in it, however, ordering the property to be sold at private sale at the price and on the terms and conditions recommended by the family meeting, to effect a partition.

Thereafter the plaintiffs and the defendants, the latter acting through their tutor ad hoc, joined in a motion for a rule upon Edgar J. Baehler to show cause why he should not accept title to the property; he having agreed to buy it on the terms and conditions recommended by the family meeting.

Baehler filed no pleadings; but the rule was made absolute against him, and he has taken the present appeal. In this court he has filed an assignment of errors, in which he assigns the following errors as apparent on the face of the record:

"(1) That under the laws of Louisiana the court is without authority to appoint an undertutor ad hoc, no such office being recognized by the Civil Code.

"(2) That proof must be made that the property sought to be partitioned is not susceptible of a division.

"(3) That proper proof should be made to the court of the nonexistence of relatives to compose a family meeting, before appointing friends."

The purely perfunctory character of the argument submitted in support of this assignment of errors leads us to suspect strongly that the present suit is a mere friendly proceeding, and that the secret wish and hope of the appellant is that this court will affirm the judgment.

Article 222, Civ. Code, authorizes the appointment of an undertutor ad hoc when, the father and mother of the minor being both still living, there is no tutorship, and yet some step has to be taken in the interest of the minor. Now, the same necessity which compels such an appointment in a case of that kind compels it in a case like the present, where a step has to be taken in the interest of the minor, and there is no tutor, because of none having been appointed.

In Dauterive v. Shaw, 47 La. Ann. 889, 17 South. 345, this court sanctioned the private sale of the property of a minor (under section 2667, Rev. St., amended by Act No. 25 of 1878, p. 47), where there was no tutorship by reason of the father and mother being both living. We can see no good reason why, by analogy, that case should not be a

precedent for the mode of proceeding which was followed in the present case.

It is to be noted that the sole open question in the case, the sole question for which the appointment of an undertutor ad hoc was required, was whether the sale of the property should be private or at public auction, and that on that question—in the theory of the law, at least—there was no conflict of interest between the defendant minors and their mother and her coplaintiff. Brigot's Heirs v. Brigot, 49 La. Ann. 1432, 22 South. 641. That was the sole open question, because, while the right of the mother thus to proceed against her minor children through the appointment of a tutor ad hoc may have been doubtful, since, by article 253, Civ. Code, she was "bound to fulfill the duties of a tutor until she had caused a tutor to be appointed," the right of her coplaintiff, the major sister of the defendant minors, to demand a partition was unquestionable; and the necessity of selling the property to effect the partition was equally unquestionable, since a small city lot with a house on it is unquestionably indivisible in kind.

It is to be noted, also, that the proceeds of the sale of the property of the minors will not be payable to the tutor ad hoc, or to this undertutor ad hoc, but will have to be deposited in the registry of the court. So that the whole matter reduced itself to one purely of form, except as to the question submitted to the family meeting—whether the sale should be private or at auction.

On the second assignment of error, we will say that no evidence could have been necessary to show that such a small lot with a house on it is not susceptible of division in kind. The thing proves itself. Jacobs v. Jacobs (No. 17,871), ante, p. 365, 52 South. 543.

On the third assignment of error, we will say that the appointment of friends of the minors to compose the family meeting on the mere allegation, unsupported by proof, of a default of relatives, has been the settled practice.

Judgment affirmed.

MONROE, J., dissents.