(58 South. 178.)

No. 18,850.

TRAHAN v. WILSON.

(March 25, 1912.)

*(Syllabus by Editorial Staff.)*

1. PARTITION (§ 77*)—SALE—PROOF OF INDIVISIBILITY.

A sale of property to effect a partition could not be ordered without proof of its indivisibility in kind.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 211–223; Dec. Dig. § 77.*]

2. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY — SALE — PURCHASER IN GOOD FAITH.

Where one purchased community property from the husband after the death of the wife, in ignorance both of the facts and the law which gave their children an interest in the property, he was a purchaser in good faith.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

3. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—COMMUNITY DEBTS—PAYMENT—EVIDENCE.

In an action by one to recover her share of her deceased mother's community property, which her father had sold to the defendant, evidence *held* insufficient to show that $300 of the purchase price paid had gone toward paying the debts of the community.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

4. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—COMMUNITY DEBTS.

Where a surviving husband sold community property consisting of land, and there was personal property which was liable for the community debts before recourse could be had to the land, and he had not accounted for all such personal property, neither he nor the purchaser could set up against an heir of the wife that he had paid part of the community debts.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

5. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—RENT AND REVENUES.

One who purchased community property from a surviving husband, in ignorance of the facts and the law giving other heirs of the wife an interest in her share, was responsible to an heir for rents only from judicial demand, estimating the rents upon the rental value from such demand, and not at the average rental value from the time he took the property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

6. HUSBAND AND WIFE (§ 273*)—COMMUNITY PROPERTY—REVENUES.

He owed only such net fruits and revenues as the plaintiff could show the place ought to have produced with ordinary good management.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 1008–1024; Dec. Dig. § 273.*]

Appeal from Eighteenth Judicial District Court, Parish of Acadia; William Campbell, Judge.

Action by Marcelite Trahan, wife of Jesse L. Barnett, against James B. Wilson. From a judgment for each in part, plaintiff appeals. Affirmed in part, reversed in part, and remanded, with directions.

Medlenka & Bruner, for appellant. Chappuis & Holt, for appellee.

PROVOSTY, J. Plaintiff alleges that, as heir of her mother and of one of her brothers, who died without issue since the death of her mother, she owns $19/160$ of a tract of land containing 140 acres, with buildings and improvements thereon, which belonged to the community of acquets and gains that existed between her father and mother, and which her father sold to the defendant after the death of her mother. She alleges further that defendant has been a possessor in bad faith of her said share of said property. She alleges further that said property is indivisible in kind. And she prays that said property be sold to effect a partition, and that defendant be condemned to pay rents and revenues from the date of his purchase.

Defendant filed a general denial, and specially denied that he was a possessor in bad faith. He averred that he had paid taxes and placed useful improvements on said property, and that $300 of the price paid by him to the father of the plaintiff for the property had gone towards satisfying a like amount of the debts of the community of acquets and gains that existed between plaintiff's father and mother; and that if plaintiff should have judgment, recognizing her as owner of the interest claimed by her in said property, she should be required, as a condition precedent to taking possession of said interest, to pay petitioner her proportional share of said taxes, and of said $300, and of the value of the said improvements.

The trial court gave judgment recognizing plaintiff as owner of the interest claimed by her, ordering the property to be sold to effect a partition, and the proceeds of the sale to be paid to the plaintiff and defendant in the proportion of their respective interests, condemning defendant to pay plaintiff rents and revenues on the basis of $4 per acre on 140 acres from judicial demand, fixing at $100 the value of the improvements, and decreeing that, as a possessor in good faith, defendant was "entitled to collect of the plaintiff" her share of same, rejecting, in all other respects, defendant's reconventional demand, and condemning him to pay the costs, except those incident to the licitation.

The appeal is by plaintiff; but defendant has filed an answer, renewing his reconventional demands, and specially denying that the property is insusceptible of partition in kind.

No amendment of that part of the judgment recognizing plaintiff's title having been asked for in the answer, the judgment appealed from is final on that point.

[1] The question of the indivisibility vel non of the property in kind does not seem to have attracted any attention in the lower court. No special issue was made of it in the answer; and the defendant seems to be urging it for the first time in this court. We mention this in justice to the learned trial judge, for we find ourselves constrained to reverse the judgment, in so far as it orders a sale of the property; there being no evidence, either by experts or witnesses, of its indivisibility in kind, and the law and settled jurisprudence requiring that such proof be administered before a sale can be ordered. Gernon v. Bestick, 15 La. Ann. 697; Keller v. Judson, 18 La. Ann. 282.

[2] We agree with the learned trial judge that the defendant purchased in good faith. True he was a near neighbor and well acquainted with plaintiff's father and mother and their children, and knew they lived on this property; but nothing shows that he knew that the property had been acquired during the existence of the marriage of the plaintiff's father and mother, or that he had the slightest idea of what the law was with regard either to the status of the property

so acquired, or ·the manner in which it should be disposed of after the death of the wife. He testified that all he knew about the matter was what plaintiff's father told him, and that this was that the rights of the minors had all been "fixed up" by Judge Debaillon, the lawyer, and that he (defendant) should retain in his hands, out of the price, $80 for each of the heirs, to be paid to them when they became of age. The fact is we believe the father himself was in moral good faith. Indeed, two of the heirs acquiesced in this arrangement by accepting the $80 from defendant when they became of age, and are now making no claim. This testimony of defendant regarding his ignorance, both of the facts and the law, differentiates this case from that of Leury v. Mayer, 122 La. 486, 47 South. 839, where the defendant was aware of the property being community property.

[3] We agree with the learned trial judge that the $300 are not shown to have gone towards paying the debts of the community. The only evidence on that point is that of the father and defendant. The father knows that he paid part of the $300 to a Mr. Oudin in satisfaction of a debt of the community; but how much he does not know. Defendant is positive that the whole of it was so paid; but his only reason for so knowing is that the father was indebted to Oudin. The basis thus assigned by defendant for his knowledge is clearly insufficient; and, moreover, defendant has shown himself to be rather reckless in his statements by claiming in his answer that he had paid $500 in taxes on the property and expended $2,000 in improvements, when, as a matter of fact, he had only paid $180 in taxes and expended only $100 in improvements.

[4] And, even if the $300 had gone towards satisfying a debt of ·the community, there was other property of the community which had to go towards paying its debts before recourse could be had to this land; and the father cannot set up any equity until he has accounted for all this property (a thing he has not done), and the defendant, his assign, who can only claim through him, stands in no better position.

[5, 6] We agree with the learned trial judge that defendant is responsible for rents and revenues only from judicial demand; but he has fixed the amount, we think, too high. Four dollars per acre may, perhaps, have been the average rental value of the property for the time defendant has had it; but this is not what defendant is liable for. He owes rents and revenues only from judicial demand. And, as to the acreage, some 10 or 12 acres are shown to be taken by woods and a slough; and further deduction must be made for other parts not rentable. Defendant testifies that he has never been able to cultivate more than 90 acres. Defendant owes only such fruits and revenues as plaintiff can show the place ought to have produced with ordinary good management. Winter v. Zacharie, 6 Rob. 466. What this was for the years of 1910 and 1911 ought to be susceptible of proof with approximate certainty. By fruits and revenues is meant net fruits and revenues, i. e., after deduction of taxes and cost of maintenance.

The judgment is affirmed, in so far as it recognizes plaintiff to be owner of a $19/160$ interest in the property in question, and decrees that plaintiff is entitled to a partition, and holds defendant liable for rents and revenues from judicial demand, and fixes the sum due him by plaintiff for improvements at $19/160$ of $100, and rejects defendant's reconventional demand for the $300 in question. It is, in all other respects, set aside, and the case is remanded for further proceedings in accordance with the views hereinabove expressed.