### BERRY et al. v. EAMES. *
### No. 1247.

Court of Appeal of Louisiana. First Circuit.
Dec. 4, 1933.

Bert E. Durrett, of Baton Rouge, for appellants.

R. F. Walker, of Baton Rouge, for appellee.

MOUTON, Judge.

This suit was brought by plaintiff for a partition by licitation of a 10-acre tract of land situated 6 or 7 miles from the city of Baton Rouge.

The defense being that the partition could be made in kind, the court appointed L. A. Huey, civil engineer, to examine the property, and to make a report of his findings.

*Rehearing denied January 22, 1934.

The tract of land is in the shape of a parallelogram having a frontage on a public highway of 53 feet by a depth of 1350 feet.

The civil engineer, Mr. Huey, filed a sketch of the land dividing it into six lots with a frontage for each lot of 53 feet on the highway by 1350 feet in depth, thus giving to each co-owner a strip of the dimension above stated.

The case comes up to us on an agreed statement of facts signed by counsel for plaintiffs and for defendant, from a judgment ordering a partition in kind.

On one of the lots, as appears from the sketch of the property made by the surveyor, there is a small building valued, according to the statement of facts, at approximately $100.

It is stated in the statement of facts that Mr. Huey, a reputable civil engineer, testified that the property could be "divided in six (6) equal areas of equal value and in support of his testimony has indicated on the sketch the exact way in which the division could be made"; and it is proper to state here that there is no evidence contradicting the statement made by Mr. Huey that the tract of land could be divided "in six equal areas of equal value."

Counsel for plaintiffs refers to the case of Blandin v. Blandin, 126 La. 819, 53 So. 15, where Mrs. Blandin, joined by one of her major children, was suing for the partition in kind of a city lot 26 feet in width by 127 feet in depth with a house on it. The court, in that case, properly said no evidence was necessary to show that such a small lot with a house on it is not susceptible of a division in kind.

The plat of survey to which we have referred dividing the tract in six lots very clearly shows that quite a different situation is presented here, and that the case relied upon by counsel has no application.

Counsel also refers in support of his contentions to Grouchy v. Williams, reported in 161 La. 909, 109 So. 545.

The court found in that case that the land could be divided into four parcels of equal or nearly equal area. It is true that the court found it could be divided into equal areas, but added thereto that it was equally manifest that it would be quite another matter to divide the land into four parcels of "equal value." The court concluded its remarks on this proposition by saying that the division of the property in parcels of equal value could not be done without great difficulty, if at all, "and that any attempt to divide the land into parcels of (supposed) equal value would detract greatly from its value as a whole."

In this case, Mr. Huey's statement, and of which there is no contradiction, is that the land can be divided in equal parcels or areas "of equal value."

In Grouchy v. Williams, 161 La. page 909, 109 So. 545, 547, cited by counsel, the court, as hereinabove remarked, said it was conclusively shown that the land could not be divided in parcels of equal value which is altogether different from the facts of this case, where the contrary clearly appears. In that case it was also held that any attempt to divide the land into parcels of equal value would detract "greatly from its value as a whole." In this case the record is barren of any such proof.

Counsel points also to that part of the decision where, after recognizing the theory of our law which favors a partition "in kind," it says: "But this is not obligatory 'when it (the property) cannot be conveniently divided (in kind).' R. C. C. art. 1339. And 'it is said that a thing cannot be conveniently divided, when a diminution of its value, or loss or inconvenience of (to) one of the owners, would be the consequence of dividing it.' R. C. C. art. 1340."

There is no proof here showing that the land could not be conveniently divided because a diminution of its value would result from its division or loss or inconvenience of one of the owners.

The evidence points the other way and supports the judgment ordering a partition.

Affirmed.