168 So. 106

**Succession of MILLER v. EVANS et al.**

No. 33631.

April 27, 1936.

Joseph A. Loret, of Baton Rouge, for appellee William R. Miller.

James J. Bailey, of Baton Rouge, for appellant Stanley Anne Miller.

ODOM, Justice.

Mrs. Miller died intestate on August 10, 1929, leaving as her sole heirs a son, William R. Miller, Jr., a daughter, Mrs. Alice Miller Evans, and a minor grandchild, Miss Stanley Anne Miller, the daughter of a predeceased son, who inherited her property share and share alike. A part of the property left by Mrs. Miller was her community interest in the family residence in Baton Rouge, which stood of record in the name of her husband, William R. Miller,

who survived her. William R. Miller brought the present suit against the three heirs of his deceased wife for a settlement and partition of the community.

Plaintiff alleged that he owned an undivided one-half interest in all of the property, both real and personal, which had belonged to the community, and that the three children of the marriage owned the other one-half in the proportion of one-third each.

The residence property, which was the only real estate owned by the community, is described in plaintiff's petition as "a certain parcel or ground together with the buildings and improvements thereon * * * said parcel of ground having a front of sixty-four feet along the north side of North Boulevard by a depth between parallel lines of one hundred and ten feet," and a small lot 12 by 60 feet adjacent to the main lot on the rear. It appears that the two parcels form one lot on which the family residence and the usual outbuildings stand.

Plaintiff alleged that he was not willing to hold this property in common with his co-owners any longer, and demanded a partition of it. He did not allege that the property could not be partitioned in kind, but merely alleged that it should be sold in order to effect a partition, and prayed that "the above described immovable property * * * be sold by the sheriff * * * for cash without appraisement in order to effect the partition thereof by licitation." The court appointed experts to inventory the property to be partitioned.

William R. Miller, Jr., and Mrs. Alice Miller Evans, two of the heirs, who are of age and reside in Baton Rouge, where the property is situated, filed answer in which they admitted all the allegations of plaintiff's petition. Miss Stanley Anne Miller, the other heir, is a minor and lives without the state. The court appointed James J. Bailey, an attorney at law, tutor ad hoc and curator ad hoc to represent her. Mr. Bailey filed answer in which he admitted the allegations of plaintiff's petition relating to the ownership and description of the property in the proportions alleged, and as to article 34 of the petition, in which plaintiff alleged that he was not willing to own the property in common with defendants any longer, and that he demanded a partition thereof, the answer of Mr. Bailey merely says, "For lack of sufficient information to justify a belief with regard thereto, respondent denies all the allegations contained in paragraph 34 of said petition." No prayer follows this answer, which ends with this sentence: "Wherefore respondent submits the matter to the court."

As we have stated, plaintiff did not allege that the immovable property was not susceptible to division in kind, and that question was not raised by any of the heirs in their pleadings. Plaintiff prayed that the real estate be sold in order to effect a partition, and it seems to have been conceded by all parties concerned that the property could be partitioned only by licitation.

The property of the succession was inventoried and appraised by the experts appointed by the court. In their report these experts said that the only real estate they found belonging to the community was that described in plaintiff's petition. The judge,

on receiving the report of the experts, and without hearing any evidence, ordered the immovables sold by the sheriff at public auction in order to effect a partition thereof. Mrs. Alice Miller Evans, one of the major heirs, bid in the property, but refused to comply with her bid. Whereupon plaintiff in the partition suit ruled all the defendants to show cause why the sale made by the sheriff under the judgment and commission issued to him should not be approved and homologated and why Mrs. Evans should not comply with her bid by accepting title and paying the price of the adjudication.

The minor, through her tutor ad hoc, in answer to the rule set up, first, that plaintiff in the partition suit had not alleged that the immovable was not susceptible of division in kind, and, second, that the judgment ordering the partition by licitation was null because it was rendered without any evidence showing that the property was not divisible in kind. She prayed that the rule be recalled and that the demands of plaintiff in rule be rejected.

Mrs. Evans, who bid in the property, answered as follows:

"That respondent would be willing to comply with the adjudication made to her at the sale held by the sheriff of the Parish of East Baton Rouge on the 29th day of June, 1934, under the judgment rendered in the above numbered and entitled matter on the 28th day of May, 1934, and the commission issued on said judgment were it not for the fact that respondent fears that respondent did not obtain a good title to the property adjudicated to her at said sale for the reasons set forth by James J.

Bailey, tutor ad hoc and curator ad hoc for Miss Stanley Anne Miller in the return filed by him herein on the 25th day of July, 1934."

William R. Miller, Jr., in his answer to the rule, admitted all the allegations thereof.

The rule was made absolute; Mrs. Evans was ordered to accept title and pay the price. She and the minor appealed.

■■ Counsel for appellants does not seriously contend that it was necessary for plaintiff to allege that this real estate could not be partitioned in kind. The question which he stresses and calls upon us to decide is whether the judgment ordering this immovable partitioned by licitation is null and void merely because no witnesses were called to prove that it could not be partitioned in kind. We do not think it is null, and in holding that the judgment is valid, we do not depart from our many previous rulings to the effect that as a general rule, before ordering property sold in order to effect a partition, the judge must have before him testimony showing that it cannot be conveniently partitioned in kind.

■ Partitions in kind are favored in law. Each of the heirs or co-owners may demand in kind his share of the movables and immovables (Civ.Code, art. 1337), and it is only when the property is indivisible by its nature or cannot be conveniently divided in kind that the judge is authorized to order a partition by licitation. Civ.Code, art. 1339. This court has repeatedly and consistently held that in judicial partitions the judge must order the property partitioned in kind unless it is proved either that it is indivisible by its nature or that "a

diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it." Civ.Code, art. 1340.

But it is not necessary in some cases to call witnesses to prove that the property cannot be conveniently divided in kind. The pleadings themselves, together with the inventory setting out the nature and description of the property to be partitioned, may show conclusively that it cannot be partitioned in kind. Such is the case here. Plaintiff alleged, and it was admitted by defendants in their answers, that the only immovable to be partitioned was a city lot fronting 64 feet on the street and running back between parallel lines a distance of about 122 feet, on which there was built a residence and the usual outbuildings. The experts appointed by the court reported that this was the only real property they found belonging to the succession.

When the judge ordered this property partitioned by licitation, he had before him the pleadings and the inventory in which the property was described, and saw that by its very nature it could not be divided in kind. No further proof was necessary. It would have been an idle proceeding to call witnesses to prove that which was self-evident.

The case of Blandin et al. v. Blandin, 126 La. 819, 53 So. 15, 16, is on all fours with this one. There the property to be partitioned was a city lot 26 feet in width by 127 feet in depth, with a house on it. The court said: "No evidence could have been necessary to show that such a small lot with a house on it is not susceptible of division in kind. The thing proves itself."

Citing Jacobs v. Jacobs, 126 La. 365, 52 So. 543, 544.

In the Jacobs Case the property to be partitioned, as shown by the inventory, consisted of "several lots of ground which have been mentioned, with the buildings on them," and the court said, "We do not think anything more is necessary to authorize the conclusion that it cannot advantageously be divided into 128 parts, which would be necessary for a partition in kind."

Counsel for appellants cite several cases where this court set aside judgments ordering partitions by licitation because there was insufficient or no proof at all showing that the property could not be conveniently divided in kind, among them being Coach v. Hake, 49 La.Ann. 458, 21 So. 640; Mackin v. Wilds, 106 La. 1, 30 So. 257; Trahan v. Wilson, 130 La. 541, 58 So. 178.

In Coach v. Hake, plaintiff and defendant owned in common 6,456 acres of timber land. The defendant demanded a partition in kind, and the court concluded from evidence that a partition in kind was proper. In Mackin v. Wilds, plaintiff and defendants were joint owners of a plantation divided into six tracts. One of the defendants was a minor. The judge, without hearing evidence, and apparently with the consent of all parties, ordered the entire plantation sold in order to effect a partition. The court held that where a minor is concerned there can be no consent decree ordering a partition by licitation, and that there must be proof adduced before the judge that the property is indivisible by its nature, or that it cannot be conveniently divided in kind before he is authorized to order its sale.

In Trahan v. Wilson, the plaintiff owned $^{19}/_{160}$ interest in a tract of land containing 140 acres with buildings and improvements thereon. The judge ordered the property sold without any evidence showing that it was indivisible in kind. This court held that this was not proper. The reason was that it is conceivable that a tract of 140 acres with improvements might be divided in kind without a diminution of its value or loss or inconvenience to the co-owners.

Many other similar cases might be cited. But such cases are not authority for holding that the judge must hear witnesses to prove that one small city lot 64 by 122 feet with a residence built thereon is not susceptible to partition in kind. Where the pleadings and the inventory show that there is one piece of realty to be partitioned and that it consists of a small lot and improvements thereon, as in this case, the judge has before him all the proof necessary to support a judgment ordering a partition by licitation.

The judgment is affirmed.

O'NIELL, C. J., absent.