The plaintiff alleges that he is the owner of an undivided one-thirty second interest in and to 70 acres of land in East Feliciana Parish; that twenty four other persons own the other undivided interests in said land, their respective interests ranging from an undivided one-eighth to an undivided one-fortieth; that only one of the co-owners, Samuel Hosea, is a resident of this State. All of the other co-owners are alleged to be nonresidents whose names and addresses are given, or whose names are given but whose whereabouts are unknown, while three of the co-owners are alleged to be dead and their heirs unknown; that none of the co-owners of record have any representative in this State, and none of them have paid taxes on the property or exercised acts of ownership over the property during the past ten years.
Plaintiff prays for the citation of the co-owner residing in this State and prays for the appointment of an attorney to represent the absent and unknown co-owners through whom they are to be served, according to law, by having copies of the petition and citation affixed to the door of the room wherein the court is held; that he and the other co-owners be decreed owners of the property in indivision in the proportions set out in the petition; that a partition by licitation be ordered, and that the property be sold by the sheriff of the Parish, and the part of the proceeds coming to plaintiff and the other resident co-owner be paid to them, and the share accruing to the absent and unknown owners be deposited with the State Treasurer, as required by law; that the fees of the attorney for plaintiff be fixed and taxed as costs, and that all costs be paid out of the mass.
The absent and unknown co-owners filed an answer through the attorney appointed to represent them and admitted the co-ownership with plaintiff as set out in the petition, but made a formal denial of the other material allegations of the petition. The defendant Hosea filed a plea of "prescription of more than thirty years", and a plea of estoppel. Both of these pleas were referred to the merits. In his answer Hosea denies that plaintiff has any interest in the property sought to be partitioned and denies the ownership of the other alleged co-owners. He avers that he is the owner of the property as one of the heirs of his mother, Mollie Hosea, and by reason of having purchased the interests of the other heirs of Mollie Hosea, the latter having acquired the land by the prescription of thirty years prior to her death in 1942. He prays that plaintiff's suit be dismissed and that he be decreed the owner of the tract of land. The trial judge dismissed plaintiff's action as in case of nonsuit, and he has appealed.
The record shows that the tract of land was acquired by Henry Schulze, a resident of Wisconsin, in the year 1889. Schulze died in 1914, and his succession was administered in Wisconsin, the land in controversy in this suit not being inventoried as part of his estate. In 1919, the probate court in Wisconsin made a final distribution of the estate of Henry Schulze and recognized his heirs to be those named in plaintiff's petition, including the undivided one-thirty second interest of Herman C. Schulze from whom Richard Kilbourne acquired this undivided interest by purchase in February, 1943. Kilbourne filed a petition in the District Court of East Feliciana Parish in August, 1943, and had the heirs of Henry Schulze recognized as owners of the 70 acres of land in the proportions and as found by the Wisconsin court, subject to the transfer by Herman C. Schulze to Richard Kilbourne of his interest in the property as aforesaid.
Shortly after the judgment was rendered putting the heirs of Henry Schulze in possession of the tract of land, subject to the transfer of the interest of Herman C. Schulze to Richard Kilbourne, the latter transferred his interest to the plaintiff who filed this suit for a partition under the provisions of Act 96 of 1928.
The trial judge (who was called in to try the case, the plaintiff being the district judge who recused himself) reached the conclusion that, as one of the co-owners was shown to be a resident of the State, the Act of 1928 did not apply, and as the plaintiff did not allege nor the proof show *Page 281 
that the property was indivisible in kind, no partition by licitation could be ordered, and he dismissed plaintiff's action as in case of nonsuit. He did not pass on the pleas of prescription and estoppel filed by Hosea.
In dismissing the suit, the trial judge relied on a statement made by this Court in the case of McDaniel v. Henry et al., La.App., 159 So. 629, to the effect that Act 96 of 1928 does not affect the right of a defendant who resides in the parish where the property is located to have it divided in kind; that where one car more defendants in a partition suit reside in the State, there must be proof to show that the property cannot be divided in kind before a partition by licitation can be ordered.
While the members of this Court as presently constituted are not in agreement as to the statement made in the above case to the effect that the act of 1928 does not apply where one or more co-owners made defendants in a partition suit reside in the State and the others are nonresidents or unknown, we are in full agreement that, regardless of the applicability of the act of 1928 to the present case, there is sufficient proof in the record to show that the property cannot be conveniently divided in kind. The record shows that the tract of land has some improvements on it and some of it is in cultivation. The land is bound on the south by the Comite River, and it is reasonable to conclude that the entire tract of 70 acres is not of a uniform nature and every part equally valuable. There are some twenty-five co-owners whose interests are divided into one-eighths, one-twenty fourths, one-thirty seconds and one-fortieths. Consequently, the land would have to be divided into a sufficient number of lots so as to equal the least common multiple of 8, 24, 32, and 40, or 480 lots of equal or nearly equal value. Jefferson Lake Oil Co., Inc., v. Loughridge et al., 182 La. 57, 161 So. 19. Obviously, this could not be done without great inconvenience and diminution in value of the whole property.
It is not necessary to produce proof of the indivisibility of property in kind in order that it might be partitioned by licitation where the record shows that the nature and condition of the property is such that it cannot be conveniently divided in kind. Jacobs et al. v. Jacobs et al., 126 La. 365, 52 So. 543; Succession of Miller v. Evans et al., 184 La. 933, 168 So. 106.
The trial judge did not pass on the pleas of prescription and estoppel which had been referred to the merits. Ordinarily, an appellate court will not pass on issues which have not been passed on by the trial court. However where the appellate court is in possession of all the facts and testimony to enable it to pronounce definitively on the case, the court should render such a judgment on appeal as the lower court should have rendered in the first instance. C.P. Art. 905; Lumpkin v. Reiser Mach. Shops,120 La. 597, 45 So. 518. All the evidence relating to the pleas of prescription and estoppel is in the record, and in order to pass finally on the case, we will consider these two pleas.
 Plea of Prescription
Defendant Hosea filed a pleading in which he states that he appears herein "solely for the purpose of this exception, and excepts to the plaintiff's petition on the following grounds, to wit: `Prescription of more than thirty years.'" Then in his answer, by way of alleging possession on the part of his mother, Mollie Hosea, through whom lie claims, all that he says is that the heirs of Henry Schulze abandoned the property to Mollie Hosea, and that she erected improvements, fences and houses on the land during and for more than thirty years, and paid taxes on the property for more than thirty years; that she was recognized as owner, having the land assessed to her since about the year 1918, but that she had possession long before that date.
In order to acquire property by the prescription of thirty years, the possession on which this prescription is founded must be continuous and uninterrupted during all the time, and it must be public and unequivocal and under the title of owner. C.C. Art. 3500. Without the proper allegations as to this kind of possession, this Court held in the case of Self v. Goins, 9 La.App. 731, 120 So. 226, that evidence of possession in support of such a plea is not admissible. It is doubtful if the evidence in support of the defendant Hosea's claim of title under the thirty year prescription was admissible over plaintiff's objection, even giving the most *Page 282 
liberal construction to the allegations of possession in both his plea and his answer. However, conceding that the evidence of possession was admissible, we are of the opinion that it falls far short of proving the necessary possession for Mollie Hosea to have acquired the property by the prescription of thirty years.
The record shows that Mollie Hosea was the niece of Henry Schulze, and about the time of his death, or perhaps prior thereto, she exercised some acts of ownership over the property, apparently under a belief that Schulze, who lived in Wisconsin, had abandoned the property to her. The evidence is rather indefinite as to just when or how she took possession of the property, some witnesses making the general statement that she had possession of the place for more than thirty years. She rented the property to others for several years and paid taxes on it after the year 1918, but there is no evidence to show what part of the property was cultivated and under fence nor is there any way to determine just how long she exercised acts of ownership over any of the property. She died in Allen Parish in 1942, and the land was inventoried in her succession. The defendant Samuel Hosea bought out the interests of the other heirs of Mollie Hosea in the property in March, 1943, and he is basing his claim to the ownership of the whole property on the theory that his mother acquired the property by prescription.
Mollie Hosea was one of the heirs of Henry Schulze, and her heirs are recognized by plaintiff as the owner of an undivided one-twenty fourth interest in the property by reason of their mother being a niece and heir of Henry Schulze, the record owner of the property. Mollie Hosea was recognized as an heir of Henry Schulze by the probate court in Wisconsin, and she received her share in the distribution of the assets of that succession. After the death of Henry Schulze in 1914, Mollie Hosea and the other heirs of Schulze owned the property in indivision. She could not prescribe against the other heirs unless it is clearly shown that her possession was adverse and hostile to the other co-owners. Simon et al. v. Richard et al., 42 La.Ann. 842, 8 So. 629; Liles et al. v. Pitts et al., 145 La. 650, 82 So. 735.
At the very moment that Schulze died his heirs, including Mollie Hosea, became the co-owners of the property, and this joint ownership continued unless by hostile and adverse possession on the part of Mollie Hosea as owner of the whole property she divested the ownership of the other co-owners by the prescription of thirty years. This suit was filed in August, 1943, and Mollie Hosea could not have prescribed against the other heirs of Schulze had she begun full and complete adverse and hostile possession against them immediately after the death of Schulze in 1914.
 Plea of Estoppel
The plea of estoppel is based on the ground that Richard Kilbourne wrote to Herman C. Schulze when he sent the deed for him to sign and stated that he (Kilbourne) had acquired some of the interests of the heirs and would like to acquire all the interests. It is contended that this was an incorrect statement and misled Herman C. Schulze into signing the deed to his undivided interest. This plea is without merit for the reason that Samuel Hosea who filed the plea could not have been injured even though Herman C. Schulze was misled by the statement. Hosea is claiming the whole property even to the extent of denying that Herman C. Schulze had any interest in the property.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby reversed and set aside, and it is now ordered that plaintiff and the defendants be recognized as owners in indivision of the property described in plaintiff's petition in the proportions therein set out; that there be further judgment decreeing a partition of said property by licitation, and that said property be sold by the Sheriff of East Feliciana Parish, after due advertisement and delays, to the highest bidder, and according to law; that the parties to this suit be referred to the clerk of Court of said Parish for the purpose of completing said partition and disbursing the proceeds of the sale, according to law.
It is further ordered that the cost of the partition be paid by the mass, but that the cost of obtaining the judgment of partition incurred by reason of the contest on the part of defendant Hosea, including the cost of this appeal, be paid by the said defendant. *Page 283