**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 09-541


SHERRILL SMITH BARES

VERSUS

WARREN OVERTON BARES


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 04-0741
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**SYLVIA R. COOKS**
**JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Sylvia R. Cooks, J. David Painter, and James T. Genovese, Judges.

**Genovese, J., dissents and assigns written reasons.**


LIMITED REMAND FOR PURPOSE
OF EVIDENTIARY HEARING.

**Charles G. Fitzgerald**
**Cox Fitzgerald, L.L.C.**
**113 West Convent Street**
**Lafayette, LA 70501**
**(337) 233-9743**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Sherrill Smith Bares**

**L. Lane Roy**
**Pries & Roy**
**Post Office Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Warren Overton Bares Walter M. Sanchez**

**Sanchez Law Firm**
**901 Lakeshore Drive, Suite 1050**
**Lake Charles, LA 70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Warren Overton Bares**

**Jane C. Ettinger**
**Booth & Booth**
**138 North Cortez Street**
**New Orleans, LA  70119**
**(504) 482-5292**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Warren Overton Bares**

COOKS, Judge.

Upon lodging the record in the instant appeal, this court issued *sua sponte* to the appellant a rule to show cause why the appeal should not be dismissed as untimely. For the reasons assigned, we dismiss the appeal and remand this matter to the trial court for an evidentiary hearing on whether notice was ever sent from the clerk's office to appellant's counsel.

The judgment from which appeal is being sought, a ruling denying a motion for relocation and for appointment of a mental health expert, was signed on October 20, 2008. The record contains conflicting information regarding if notice was sent to appellant's counsel. The judgment itself contains a certification that notice was mailed on October 21, 2008, to appellant's counsel. However, the record only includes one separate, typed notice of the signing of judgment that was addressed to appellee's counsel. The separate notice of signing of judgment was also dated October 21, 2008. On February 3, 2009, a motion for appeal was filed by the appellant alleging, in an affidavit signed by appellant's counsel, that notice was never sent to the appellant's counsel. In addition, with the motion for appeal, counsel for appellant attached several exhibits to support the position that notice was never sent. In response to this court's rule, appellant's counsel reiterates the points made in the affidavit attached to the motion for appeal filed with the trial court.

Louisiana Code of Civil Procedure Article 2164 provides, in pertinent part, the following: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." In *Terry v. Terry*, 06-1406 (La.App. 3 Cir. 3/28/07), 954 So.2d 790, 796, this court held the following regarding appellate review:

> An appellate court will generally not adjudicate issues not ruled upon by
> the trial court, but when the appellate court has all of the facts and

1

testimony and is able to pronounce with certainty on the case, that appellate court should render such judgment on appeal as the trial court should have rendered at trial. *Kilbourne v. Hosea*, 19 So.2d 279 (La.App. 1 Cir.1944). However, when an appellate court finds that the interests of justice dictate that further evidence is required for the proper adjudication of the case, then the appellate court should remand the case to the trial court. *Polizzi v. Thibodeaux*, 35 So.2d 660 (La.App.Orleans 1948).

Here, we find that in order to determine whether the motion for appeal was filed timely, a factual determination must be made from conflicting evidence as to whether notice was ever sent to appellant's counsel. Accordingly, we order a limited remand to the trial court for the purpose of holding an evidentiary hearing on whether notice was sent to appellant's counsel and for a ruling from the trial court as to whether the appellant's counsel received notice of judgment. The Office of the Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette, is ordered to transmit a supplemental record to this court after completion of the hearing and entry of the ruling ordered herein.

**LIMITED REMAND FOR PURPOSE
OF EVIDENTIARY HEARING.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.

2

# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

**09-541**


**SHERRILL SMITH BARES**

**VERSUS**

**WARREN OVERTON BARES**


**GENOVESE, J., dissents.**

There is insufficient proof in the record that notice of a final judgment was ever mailed to counsel for Sherrill Smith Bares prior to her filing her Motion for Appeal. The right to appeal is a fundamental right favored under our law. Consequently, I disagree with the majority's remand and would maintain the appeal in furtherance of judicial economy and the public policy of this state favoring appeals.

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-541

SHERRILL SMITH BARES

VERSUS

WARREN OVERTON BARES

**GENOVESE, J., dissents and assigns the following written reasons.**

There is insufficient proof in the record that notice of a final judgment was ever mailed to counsel for Sherrill Smith Bares prior to her filing her Motion for Appeal. The right to appeal is a fundamental right favored under our law. Consequently, I disagree with the majority's remand and would maintain the appeal in furtherance of judicial economy and the public policy of this state favoring appeals.