JOACHIM KOHN and another, Syndics, *v.* JONAS MARSH.

Petition by the syndics of an insolvent for a division of partnership property by sale. Four experts having been appointed, by consent, to report whether the property could be divided in kind, without loss or inconvenience, and two only having reported, on motion of plaintiffs the order appointing experts was rescinded, and the court proceeded to receive other evidence of the facts intended to be established by their report. *Held*, that the report of the experts was not the only mode of proof to which the court might resort, to enable it to decide whether the property should be sold; and that, under art. 1261 of the Civil Code, any other legal evidence might be received.

Any consent given, or admission made on record, by a party, in the progress of a suit, from which his adversary may derive any legal right, cannot be withdrawn without the consent of the latter, who is entitled to the benefit of its full legal effect. *Aliter*, where such consent or admission confers no right, as where experts have been appointed, by consent, to ascertain a fact, in which case either party may move to rescind the order, or it may be done by the court *ex officio*.

Where, in an action for the settlement of a partnership, the property is such as cannot be divided in kind without loss or inconvenience, a sale may be ordered at once, without waiting for the settlement of the partnership accounts.

APPEAL from the District Court of St. Martin, *King*, J.

*Voorhies*, for the plaintiffs.

*I. E. Morse*, for the appellant.

SIMON, J. The defendant is appellant from a judgment ordering the sale, at public auction, of a plantation and slaves belonging to the partnership heretofore existing between himself and John F. Miller, whose syndics have instituted the present action with a view to obtain a partition and settlement thereof.

The pleadings show that after this suit was put at issue, an order was rendered by the inferior court, appointing a notary to make an inventory of all the property in partnership, and referring the settlement of all the accounts set up by the partners against each other, and against the partnership, to three auditors. This

first order was followed by another, rendered by consent of parties, appointing four experts, for the purpose of reporting whether the plantation and property specified in the inventory, could be, without loss or inconvenience, divided, in kind, into two lots. At a subsequent term of the District Court, two of the experts only made a report, and gave it as their opinion that the property inventoried could not be divided in kind, without great inconvenience or loss, or a diminution of its value. After the filing of this report, the case was taken up, and the court permitted the plaintiffs' counsel to produce evidence to prove the facts intended to be established by the report of the experts. This was excepted to by the defendant's counsel. The evidence, however, was admitted, after the order appointing the experts had been rescinded on motion of the plaintiffs' counsel, to which the defendant's counsel had previously excepted, on the ground that the order appointing experts having been rendered by consent of parties, the same could not be rescinded without their consent.

After the evidence was closed, the plaintiffs' counsel moved the court to order an immediate sale of all the partnership property to be made at public auction, in order to effect a partition thereof, to which motion the defendant's counsel objected, on the ground that there were long and intricate accounts unsettled between the parties, which accounts had been referred to auditors, who had not yet reported thereon, and that a sale could not be legally ordered until the accounts should have been settled and liquidated, and the balance between the parties ascertained. These objections were overruled by the judge *a quo*, who sustained the plaintiffs' motion, and ordered the sale accordingly. To this opinion, the defendant's counsel excepted, and from the interlocutory judgment rendered thereon, he took the present appeal.

The first question to be decided in this case, grows out of the defendant's bills of exception. It is whether the inferior court could properly and legally rescind the order appointing experts, and permit the plaintiffs to introduce evidence to prove the facts sought to be established by the report of the experts ; or, in other words, whether the report of the experts, legally made, was not the only proper evidence of the fact intended to be proven in this case.

Art. 1261 of the Civil Code provides, that "when the property to be divided is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the parties, on proof of either of these facts, that it be sold at public auction, &c." From the words of the law, it appears to us manifest that the report of experts is not the only mode which may be resorted to, to bring to the knowledge of the court the facts upon which the judge is to decide, whether there shall be a sale of the common property or not. The only object of the law is, to afford to the court sufficient means to ascertain the circumstances upon which its decision is to be based, and it matters not by what kind of proof the knowledge of such facts is acquired, provided it be by legal evidence. It is clear that, as soon as the judge is made legally acquainted with the true nature and state of the common property, it is his duty to order a division thereof according to the best interests of the parties, and in the manner pointed out by law ; and we are unable to see any reason why he should be obliged to delay his judgment, until a report is made by experts, when the same result or proof can be reached by other and equally sufficient evidence.

But it is contended that, in this case, the experts were appointed by consent of parties ; that such consent cannot be withdrawn ; and that their report was, consequently, to be used as the only proper and legal evidence of the facts sought to be established. It is true that the order in question was rendered by consent, and that two of the experts had acted and made a report agreeing with the evidence which was subsequently introduced by the plaintiffs. The order appointing experts was rescinded by the court on the motion of the plaintiffs, who, thereby, withdrew the consent they had previously given. It is a well known and established rule that where one of the parties to a suit gives a consent or makes an admission on record in the course of the suit, from which certain legal rights may be derived in favor of his adversary, he cannot subsequently withdraw such consent or admission ; and that the other party is entitled to the benefit of their full and legal effect. In this case, we are at a loss to conceive how the defendant could be said to have acquired any legal right from the consent of the plaintiffs to the appointment of experts for the purpose of proving

Kohn and another, Syndics, v. Marsh.

a fact. The withdrawing of such consent could not, in any manner, be injurious to his interest; it only went to selecting one mode of proof instead of another. It cannot be construed as a waiver or renunciation of any legal right; and we know of no law by which the plaintiffs could be bound to resort to one kind of proof in preference to another, or which would preclude them from introducing the whole of their evidence, if legal, or from selecting such parts of it as they thought proper. If the mode of proof, originally consented to by the plaintiffs, was afterwards found to be inconvenient or insufficient, they were at liberty to withdraw their consent, and to move the court to rescind the former order, no legal right having been thereby acquired by their adversary. The district judge himself could have done it, *ex officio*.

The main point, however, which this case presents, and which has been ingeniously and strenuously urged by the defendant's counsel, is, that no sale of the common property could be ordered, before the accounts between the parties against each other and against the firm were settled and liquidated. We have attentively considered this question, and have found no difficulty in coming to a conclusion adverse to the appellant's pretensions. The object of this suit is a settlement and partition of the partnership formerly existing between the parties. In order to arrive at a final liquidation of it, it is necessary, since the property cannot be divided in kind, that the whole of it should be converted into money, not only to satisfy the debts, but also to divide the proceeds of the sale between the partners, according to their rights against the firm, and to the portions to which they may be entitled respectively. How could a fair settlement and final liquidation be made, if the amount of the assets or credits of the partnership are left unknown? These are mainly to be taken into consideration by the auditors or by the notary; and it would be vain to say that there should be a provisional settlement made before selling; that the sale should be delayed until the balance due to, or by each of the partners should be ascertained; and that a final liquidation should take place subsequently. *No one can be compelled to hold property with another* (Civ. Code, art. 1215); and it would often happen that, by the delay which the settlement of the accounts of the partners would necessarily occasion, this rule of law would

become vain and nugatory. This, our law does not seem to have ever contemplated. On the contrary, from the different provisions of the Code on the subject, it is evident that the intention of the law maker was to include in the settlement or liquidation all the objects concerning the partnership, and all the property belonging thereto, or the proceeds of such as it was necessary to sell to effect a partition. Art. 1278 of the Civil Code says, positively, that the *active mass* shall be composed " *of the price of the moveables, slaves, and real estate which have been sold to effect the partition.*" From this article, as well as from article 1272, and particularly from the words of articles 1265 and 2603 of the Civ. Code, we cannot hesitate to say, that before ascertaining what balance there may be in favor of or against the partners respectively, it is required that the property which cannot be divided in kind, should be first sold and converted into money, so that the proceeds thereof may be included in the *active mass.* This appears to be the true meaning of our law on this subject.

We think, therefore, that the judge *a quo* did not err in ordering the sale of the common property in this case; and that, as directed in the judgment appealed from, the proceeds thereof should not be divided between the parties, until a final settlement and liquidation of their accounts be made, and their portions ascertained by a partition made under the control of the inferior court,

*Judgment affirmed.*