### WILLIAM FLORANCE *v.* MRS. SUSAN W. HILLS AND HUSBAND.

The licitation of property to effect a partition may be ordered, on proof by witness of its necessity, as well as upon the report of experts.
Code 1261.

APPEAL from the Sixth District Court of New Orleans, *Cotton*, J. *Benjamin, Bradford & Finney*, for plaintiff. *Goold & Stansbury*, for defendants and appellants.

MERRICK, C. J. The present is an action of partition.

The record presents the single question, whether the Judge may order the licitation of the property to effect a partition, on the simple proof of its necessity by witnesses, or whether the appointment of experts is not an indispensable prerequisite to such an order.

The appointment of the experts to make a report upon the practicability of making a partition in kind, and the calling witnesses to depose to the same matters, have the like object, viz: to inform the court of the feasibility of a partition or the necessity of a sale.

Of these two modes of proof, that by witnesses is often superior to the report of experts, for the number of the witnesses may be indefinitely increased and their testimony fully established by the test of a thorough cross-examination. Hence, in several instances, the reports of experts have been overruled after hearing witnesses.

In the case of *Millaudon* v. *Percy et al.*, 5 N. S. 555, it was decided that witnesses might be heard, in an action of partition, to contradict the report of experts upon the question—whether property was divisible in kind, without injury or not.

Article 1261 of the Civil Code, evidently contemplates that evidence may be administered in such cases, in any of the legal modes. It says: " When

the property is indivisible by its nature, or where it cannot be conveniently divided, the Judge shall order, at the instance of any one of the heirs, *on proof* of either of these facts, that it be sold at public auction, after the time of notice and advertisement prescribed by law and in the manner hereinafter prescribed."

In the case of *Kohn et al., Syndics,* v. *Marsh,* (an action of partition,) it was held, that the court might rescind the order appointing experts and resort to testimonial proof, in order to ascertain the necessity for a sale. 3 Rob. 49–50.

The report of the experts, when appointed, appears to possess but little value, unless it states all the facts upon which the opinion is based. 7 Ann. 530.

The cases cited by defendants' counsel, are not in conflict with the case of *Kohn et al., Syndics,* v. *Marsh,* 3 Rob. 49. In the case of *Placencia's Heirs* v. *Placencia,* 8 L. R. 576, Judge Bullard was speaking only of the necessity of proof when he remarked, that : " The sale must depend upon the fact that the property cannot be conveniently partaken in nature, which, according to the Louisiana Code, must be made to appear by the report of experts." In the case of *Lecarpentier* v. *Lecarpentier,* 5 An. 499, Judge Rost, after citing the preceding case, says of the matter before him: " In this case no experts were appointed, and *no evidence* of that fact (the indivisibility of the property in kind) was adduced," thus recognizing both modes of making the necessity of the sale to appear. The syllabus to the case does indeed state the law as contended for by the defendant, but the text does not warrant so broad a conclusion.

The necessity of the sale in order to effect a partition, sufficiently appears from the testimony of the witnesses, and the judgment of the lower court must be affirmed.

Judgment affirmed.