### McDANIEL v. HENRY et al.
#### No. 1446.

Court of Appeal of Louisiana.
First Circuit.
March 4, 1935.

Ott & Johnson, of Franklinton, for appellants.

Talley & Cassidy, of Bogalusa, for appellee.

LE BLANC, Judge.

This case is before us on appeal from a judgment in the district court ordering the sale of a tract of land comprising 163.4 acres in order to effect a partition by licitation among the various co-owners.

The suit was instituted by William I. McDaniel, who alleged that he was the owner

of an undivided one-third interest in the property, and that he was no longer willing to remain as an owner in indivision thereof. He also alleged, as necessarily he had to in order to ask for a partition by licitation, that the property was not divisible in kind. His co-owners are said to be Dave Henry, who also owns an undivided one-third interest, and Ellen Speights Ratcliff, Lucy Speights Brumfield, Tansy Speights Killin Jacobs, Robert Speights, and John Speights, who own an undivided one-fifteenth interest each. Robert and John Speights are alleged to be absentees, and a curator ad hoc was appointed by the court to defend their interest in the suit. The curator filed an answer on their behalf, and as to them the case was tried on the issue as joined by that answer. The remaining defendants, all residents of Washington parish, were cited and served with a copy of the petition, to which citation the clerk of court received an acknowledgment by letter within the required delay, which letter bears no individual signature, but purports to come from the "Hardy Henry heres (heirs)." We are told by counsel now representing them that these defendants are ignorant negroes, and the form of the letter as well as its contents leave but little doubt as to such being a fact. We fully agree with counsel for plaintiff that neither this letter, nor another of a similar nature and signed in the same way, in acknowledgment of service of a supplemental petition, can be construed as an answer which conforms to the requirements of the pleading and practice statutes. Neither of them contains anything from which it might be said that they joined issue with the allegations of the petition and supplemental petitions. Whether they constituted an "appearance in person" under articles 310, 311, and 312, of the Code of Practice, to protect these defendants against the taking of a judgment by preliminary default and one on confirmation of default thereafter, is a different question, however, and one that is not quite so easy of solution. In view of the conclusion we have reached, that for insufficiency of proof the judgment of the lower court will have to be reversed and a judgment of nonsuit entered, it is unnecessary for us to pass on the effect produced on the pleadings by these letters.

█ The judgment in this case was based on what is referred to as a report of experts on the question of the divisibility vel non of the property, in kind. That a judgment of partition can be rendered on a report of experts duly appointed by the court for the purpose of investigating and reporting on the nature and character of the property sought to be divided and with reference as to whether or not it can be conveniently divided in kind is not questioned. Although the Civil Code does not provide for such procedure, it seems to have received judicial sanction, although some decisions hold that the better method is to have witnesses summoned to submit testimonial proof in open court on the question of the practicability of making a partition in kind. William Florance v. Susan Hills & Husband, 11 La. Ann. 388; Cameron v. Lane, 36 La. Ann. 716. In this last case, it is specifically stated, in a concurring opinion by the then presiding Chief Justice, that "this ex parte appointment and report have never been considered as conclusive upon the other parties. * * * The court is not bound to appoint the experts and is not bound by their reports. The appointment is not indispensable to a judgment of licitation, which may be rendered on simple testimonial proof of its necessity. The latter mode has been considered and declared to be often more satisfactory than the former. Kohn v. Marsh, 3 Rob. 48; Lecarpentier v. Lecarpentier, 5 La. Ann. [497] 499; Chalon v. Walker, 7 La. Ann. 477; Gilmore v. Gilmore, 9 La. Ann. 197; Florance v. Hills, 11 La. Ann. 388." It is true that in this case of Cameron v. Lane the report of the experts was sustained, but, as the court very well states, it had not been contested on the ground that it was "erroneous or deficient, either in form or in substance." The attack seems to have been based on the "indecent haste" with which it had been made. It appears from the decision, however, that the experts had been furnished by the appointed surveyor, "who was their co-laborer, with maps, surveys and field notes, previously made and taken by that very surveyor, and nothing more," adds the court, "could be expected or required of them."

In the present case, the report on which the judgment is based forms part of the appraisement of the property; the experts having served in the dual capacity of appraisers and experts. In neither instance is it made to appear that they went upon the property or that they had an independent personal knowledge of its location, shape, classification of land, value, or anything else. For the purpose of appraisement, it is referred to according to a description which is evidently taken from the conveyance records of the Parish, wherein it is designated as a certain quarter section in a given township and range, containing 163.4 acres, "less and ex-

cept sixty-seven acres sold by Hardy Henry to E. P. Knight." The report with regard to the practicability of dividing the property in kind is as follows: "We, the appraisers and experts, after having discussed with various and sundry parties the property, and the question as to whether or not it is divisible in kind, have reached the conclusion that it cannot equitably be divided in kind so that the share of each of the parties interested would be equal to their respective interests in the property and the only way we see that it can be properly divided is to sell it and divide up the money in proportion to the shares which the court holds belongs to them." To merely read this report by comparison with the gist given of that in the case of Cameron v. Lane, supra, is enough to appreciate the vast difference between them. The experts presented with maps, surveys, and field notes of the surveyor appointed by the court to make a survey of the property, and who was their colaborer, had acquired a knowledge of the property which enabled them to make a report to the court of its real character and of the feasibility of dividing it in kind or not. And even then, as that decision holds, their report is not binding. How different is the present case, in which the so-called experts, acting as appraisers as well, after merely discussing, "with various and sundry parties," the question as to whether or not the property is divisible in kind, announce their "conclusion" that it is not, and that the only partition that can be made of it has to be by licitation. The court is not interested in the "conclusions" of the experts. What it wants is a report or a recommendation based on something more than appears in this case, and then it reaches its own conclusions and pronounces judgment. To adopt the purported report as submitted would be tantamount to substituting it for the judgment in the case, and this we do not think was ever intended under the jurisprudence which sanctions the form of procedure of appointing experts in partition suits. We feel certain that, had these two experts appeared as witnesses in the case and testified to the same matters contained in this report, their testimony would not have been given much consideration by the court, as it is evidently all based on hearsay. Given in the manner that it is, in the form of a report, it deserves still less.

■ Counsel for plaintiff refer in their brief to Act No. 96 of 1928, which gives an owner in indivision whose co-owners are absentees or whose residences are unknown, an absolute right to a partition by licitation regardless of the divisibility in kind of the property. That is undoubtedly what that act provides, and, as between plaintiff and two of the defendants who are absentees, its provisions might very well have been invoked. But it certainly does not and cannot affect the rights of the other defendants in the case who are shown to be residents of the parish in which the property is situated.

For the reasons herein given, it is ordered that the judgment appealed from be, and the same is hereby, reversed, annulled, and set aside, and it is now ordered that there be judgment in favor of the defendants-appellants herein and against the plaintiff dismissing the latter's suit and rejecting his claim as in case of nonsuit. It is further ordered that the plaintiff-appellee pay all costs.

MOUTON, J., not participating.