60 So.2d 76

**OLIVER et al. v. ROBINSON et al.**

No. 40551.

July 3, 1952.

Dhu & Lea S. Thompson, Monroe, for defendants Pearl Robinson and Lelia Mason.

Madison, Madison, Files & Shell, Bastrop, for plaintiffs W. B. Oliver and Murphy Oliver.

·HAWTHORNE, Justice.

This is an appeal from a judgment ordering a partition by licitation of a tract of land in Morehouse Parish, Louisiana, containing 74.82 acres, and reserving to one of the co-owners the right either to remove certain improvements placed on the property by her or to be reimbursed for these improvements in the sum of $600.

The tract of land is owned in indivision by the following persons in the following proportions: W. B. and Murphy Oliver, ⅕; Lelia Mason, ⅕; Pearl Robinson, ⅕; Gussie Allen, 1/15; Marie Averitt, 1/15; Henry Averitt, 1/15; Herman Hardin, 1/10; A. G. Hardin, Jr., Olla B. Hardin, and Herman Hardin, 1/30 each. The property was acquired through Sarah Jane Fremont Averitt. It represents Sarah Jane Averitt's share of her father and mother's estate and was set aside to her descendants in a partition of that estate.

· Sarah Jane Averitt had five children. Plaintiffs W. B. Oliver and Murphy Oliver acquired their ⅕ interest from the descendants of one of these children. The defendants are the other children of Sarah Jane Averitt or their descendants. Defendants Pearl Robinson and Lelia Mason are two of these children owning an undivided ⅕ interest each. Of the other two children, both of whom are deceased, one was survived by three children, defendants herein, each owning an undivided 1/15 interest, and the other was survived by two children who inherited a 1/10 interest each. One of these is a defendant herein. The other died leaving three children, defendants herein, having an undivided 1/30 interest each.

Under our law, when a judicial partition is sought, it becomes the duty of the district judge to determine the method of making such a partition—that is, whether it should be made in kind or by licitation. The law favors a partition in kind, but under Article 1339 of the LSA–C.C., when the property is indivisible by its nature or when it cannot be conveniently divided, on proof of these facts the judge shall order the partition by licitation, and under Article 1340 it is said that a thing cannot be conveniently divided when a diminution of its value or loss or inconvenience of one of the owners would be the consequence of dividing it.

Appellants contend that the property is divisible in kind, and that the district court

erred in decreeing a partition by licitation.

This property, appraised by experts at $3,600, is situated about six miles north of the Town of Bastrop and is ordinary hill land. According to the chief deputy tax assessor of the Parish of Morehouse, 10 acres of this land are in actual cultivation, seven acres are cut-over land with some timber on it, and the greater portion consists of an old field grown up in gum trees. and gum bushes. A gulley or drain extends across the property from north to south. The land is bounded on the west by Bayou Bartholomew, and the nearest public road is located some distance to the east of the tract.

The experts appointed to appraise the property and to ascertain whether it was divisible in kind reported to the court that they were of the opinion that the property could not be conveniently divided in kind among the parties who owned a shared interest therein without a diminution of its value and without loss or inconvenience to all of the owners, and that a sale of the property was necessary in order to effect a partition. During the trial these experts and two other witnesses testified for the plaintiffs. One of these witnesses was a civil engineer who had been dealing in real estate for 20 or 30 years, and the other was in the insurance and real estate business with many years' experience. All of these witnesses inspected the property and were of the opinion that it could not be con-veniently divided in kind because such division would diminish its value.

Defendants, on the other hand, called several witnesses who resided in the vicinity of the property, who testified that in their opinion the property was divisible in kind and could be divided into five tracts of equal value without a diminution of the value of the whole.

The issue therefore resolves itself into a question of fact and of the weight to be given to the testimony of the witnesses who testified for the plaintiffs and those who testified for the defendants. The trial judge, who observed and heard the witnesses testify, concluded, as evidenced by his judgment—no written reasons for judgment were given—, that the property could not be divided in kind without diminishing its value, and, after reading the record, we cannot say that he erred in his findings.

Appellants also contend that little effect should be given to the experts' testimony because their opinions were predicated on the theory that it was necessary to divide the land in such a way as to apportion to each co-owner a lot representing his interest in the whole rather than to divide it by roots, of which there were five in the instant case, and they argue further that in order for the plaintiffs to be entitled to a partition by licitation they must prove that the property cannot be divided into five lots of equal value without a diminution of the value of the tract as a whole.

Appellants are correct in their contention as to the law. Article 1364 of the LSA–C.C., as amended in 1938, with reference to partitions in kind states: "No subdivision of the lots thus formed need be made between the individual coproprietors claiming under the same root." In the case of Kaffie v. Wilson, 130 La. 350, 57 So. 1001, the court before the 1938 amendment had held that, when heirs inherit by representation, the partition in kind should be made by roots.

■ The trial judge has not given his reasons for judgment, but we cannot assume that he did not know the law applicable to the facts in the instant case. There is testimony in the record that the tract of land could not be divided even into five lots of equal value without a diminution of value to the whole. The trial judge no doubt accepted this as true, and under the law as above stated reached the conclusion that a partition by licitation was necessary.

For the reasons assigned, the judgment appealed from is affirmed.