McCALEB, Justice.
 

 This suit was instituted by Alvin Babineaux, his brothers and sisters, and the four children of a deceased brother, against Nolton Babineaux, another brother, for a partition in kind of 33 acres of land located in Section 24 of T. 7 So. of R. 1 E., Acadia Parish, which is owned in common by the plaintiffs and defendant as heirs of their father and grandfather, Louis S. Babineaux, said property having constituted a part of his separate estate.
 

 It is alleged that the defendant assumed the administration of the property and, hav
 
 *809
 
 ing rented it for some years for farming purposes for which he has collected rentals in excess of $3,000 but for which he has never accounted, he should be required to account to plaintiffs for their share of the revenues.
 

 Defendant resisted a partition in kind and, declaring that the land could not be conveniently divided without diminution of its value, prayed that a partition by licitation should be ordered. While admitting management of the property during the years after his father’s death, defendant denied any liability for its revenues and, assuming the position of plaintiff in reconvention, claimed $2,400 from the other co-owners in recompense for his acts of administration.
 

 After a trial, there was judgment dismissing both the main and reconventional demands but the judge subsequently granted a rehearing and ordered a partition by Imitation of the property, the parties being recognized as owners in indivisión in the proportions of an undivided l^th to each of the surviving children and an undivided %snd to each of the four grandchildren.
 

 Plaintiffs have appealed contending, in the main, that the judge erred in not ordering a partition in kind.
 

 The land sought to be divided is a 33-acre tract of rectangular shape and has been used for many years for rice and highland farming. It is located in a rural section between Crowley and Church Point and fronts on an asphalt road on the South boundary, the West boundary paralleling a dirt road. The two experts appointed by the court gave the opinion that the property can be conveniently divided in kind without diminution of its value and without either loss or inconvenience to any of the co-owners. It is proposed that the property be divided into eight equal parts
 
 [1]
 
 one of which would be owned in indivisión by the four plaintiffs who are the children of a deceased brother. While there is no plat in the record, it is suggested that the frontage on the asphalt highway be divided into eight equal portions running to the rear of the tract. By this method each owner would receive approximately 4l^th acres. One of the tracts, which borders on the public road along its entire west line, would have a small frontage on the asphalt road and it is conceded that this lot would be more valuable than the remaining 7 lots. Plaintiffs have offered this lot to the defendant, if he desires it.
 

 The law applicable to the case is set forth in Articles 1336, 1337, 1339 and 1340 of the Civil Code. Article 1336 provides that “The judge who decides on a suit for a partition and on the mode of effecting it,
 
 *811
 
 has the right to' regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, in conformity, nevertheless, with the following provisions”. Article 1337 declares “Each of the coheirs may demand in kind his share of the movables and immovables of the succession; * * * Article 1339 provides “When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, * * * ” and Article 1340 reads “It is said that a thing cannot be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
 

 The foregoing provisions have been consistently enforced in judicial partitions, it having been repeatedly stated by this Court that the judge must order the property partitioned in kind unless it be proved that it is indivisible by its nature or that loss or inconvenience to one of its owners would be the consequence of dividing it. Kaffie v. Wilson, 130 La. 350, 57 So. 1001; Hoss v. Hardeman, 156 La. 371, 100 So. 532; Rayner v. Rayner, 171 La. 1050, 132 So. 784; Succession of Miller v. Evans, 184 La. 933, 168 So. 106 and Aucoin v. Greenwood, 199 La. 764, 7 So.2d 50.
 

 Since partitions in kind are favored in law, defendant carried the burden of showing that the property in suit cannot be conveniently divided or that a division would occasion a diminution of its value or loss or inconvenience to one of its owners.
 

 In denying plaintiffs a partition in kind, the trial judge held that the plaintiffs did not prove their case by a preponderance of evidence, expressing the view that the experts were indefinite as to the size of the eight tracts and were not positive that a diminution in value would not result from the partition.
 

 We find this ruling erroneous. The burden was upon defendant (not plaintiffs) to establish by preponderating proof that the property could not be conveniently divided without loss or inconvenience to the owners. This he did not do.
 

 The evidence is unanimous that the property can be conveniently divided
 
 [2]
 
 and defendant failed to produce any convincing testimony to show that any of the owners would sustain a loss or be otherwise injured by a partition in kind. One of his witnesses, Mr. Herman A. Parker, a realtor from Crowley, opined that it would be best not to divide the tract because it would possibly be difficult to find buyers for small tracts located as far away from a town as
 
 *813
 
 'this particular property'.
 
 [3]
 
 Neither Mr. Parker nor defendant’s other expert, Mr. Stanley Tiger, gave definite testimony as to the total value of the property divided into lots, as compared to its value as one tract. Indeed, defendant appears to be relying more on statements made by sev'eral farmers, placed on the stand by plaintiffs, to the effect that it would probably be more difficult to sell the land for farming, if it is divided into eight 4-acre tracts, than it would be to sell it as one tract comprising 33 acres. But none of these witnesses stated that there would be a diminution in value or loss or inconvenience would result from a division of the land in kind.
 
 [4]
 

 Plaintiffs also complain that the judge erred in failing to order that the defendant account to them for his administration of the property.
 

 It appears from the evidence that Mrs. Sidonia Babineaux, the mother and grandmother of the parties, who was 83 years old at the time of trial, lived on the property for several years after her husband’s death. According to the testimony of the defendant, he used the rentals collected from the tenant farmers on the land for the support of Mrs. Babineaux and several of the plaintiffs, who testified in the case, stated that they did not wish to press the claim against defendant if their mother received the benefit of the money. Mrs. Babineaux denied that the defendant gave her any money or provided her with support.
 

 The judge concluded that defendant had given a satisfactory account for the revenues he received and, after an examination of the record, we are not prepared to say that he erred in.accepting defendant’s testimony as genuine on his phase of the case.
 

 The judgment appealed from is affirmed, insofar as it denies plaintiffs’ claim against defendant for a monied judgment for their ' share of the revenues collected by him during his administration of the property. In other respects, the judgment is reversed and it is ordered that the real estate owned in indivisión by the parties be partitioned in kind by dividing the same into eight lots. For the purpose of effecting this partition the case is remanded to the district court for further proceedings in accordance with law and consistent with the views herein expressed. The costs of this appeal are to be borne by defendant.
 

 [1]
 

 . This division by roots is in accordance with Article 898 of the Civil Code. See Kaffie v. Wilson, 130 La. 350, 57 So. 1001.
 

 [2]
 

 . All witnesses testified to this effect, Messrs. Stelly and Smith, the experts appointed by the court, who gave evidonee for plaintiffs and two realtors from Crowley, Messrs. Parker and Tiger, who testified for defendant.
 

 [3]
 

 . The testimony does not reveal how far distant is Crowley or Church Point from the land.
 

 [4]
 

 . A partition in kind is said to result in a diminution of the value of the property when the total value of the lots is less than the value of the tract as a whole. The cantling of tenements should also be avoided. Article 1365 of the Civil Code. Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652 and Pryor v. Desha, 204 La. 575, 15 So.2d 891. In the case at bar, there is no showing that the value of the lots will he less than the value of the whole or that a cantling of tenements will be encountered.