HALL, Judge.
This suit was instituted by Edward and Jeanette Walker, seeking a partition by lic-itation of certain immovable property held in common with the absentee defendants, Gladys Walker Gudac, Emma Lou Walker Saunders, Mary Ann Ryan, Joe Walker, Jr., Cynthia Walker North, Robert S. Walker, and Bobbye Jo Walker, as Guardian and Natural Tutrix of the minor, Em-bree H. Walker. The property consists of approximately 100 acres located in Webster Parish, Louisiana, in which plaintiffs own an undivided 565/720 interest and defendants own the remaining interest in various proportions.
An attorney was appointed to represent the six nonresident defendants. Five of the six defendants subsequently employed the attorney appointed by the court as their own counsel and filed answers praying for a partition in kind, or, in the alternative, if the property be not susceptible to partition in kind, that the judicial sale be handled in strict accordance with the provisions for public sale of a minor’s interest in property as one of the defendants, Em-bree H. Walker, was a minor. An answer in the nature of a general denial was filed on behalf of the remaining defendant, Mary Ann Ryan, by the attorney appointed to represent her.
The district court held that the provisions of LSA-C.C.P. Art. 4630 relative to a partition in kind are inapplicable to the instant suit because there are defendants who are nonresident absentees appearing through court appointed counsel and ordered that a partition by licitation be effected as prayed for by the plaintiffs. Defendants, Gladys Walker Gudac and Bob-bye Jo Walker then perfected a suspensive appeal to this court. We reverse the judgment of the district court and remand the case for further proceedings.
The principal issue before this court is whether the five absentee defendants who employed their own counsel and prayed for a partition in kind pursuant to LSA-C.C.P. Art. 4630 will be denied such relief because the remaining absentee defendant chose not to employ counsel and pray for a partition in kind.
Plaintiffs contend they have an absolute right to a partition by licitation under the provisions of LSA-C.C.P. Art. 4621 et seq. (Chapter 2 of Title 9) since all the defendants are absentees, and particularly since one of the defendants has not answered through counsel of her own selection and prayed for a partition in kind. The district judge concurred with the plaintiffs and it is with this conclusion that we find error.
LSA-C.C.P. Art. 4621 provides:
“When one of the co-owners of property sought to be partitioned is an absentee, the partition may be effected by lici-tation, as provided in this Chapter, whether the property is divisible in kind or not.”
LSA-C.C.P. Art. 4625 provides:
“Except as otherwise provided in Article 4630, if the petitioner proves on the trial of the proceeding that he is a co-owner of the property and entitled to the partition thereof and that the defendant is an absentee who owns an interest therein, the court shall render judgment ordering the public sale of the property for cash by the sheriff to effect a partition, after the advertisement required by law for a sale under execution.
“The judgment shall determine the absentee’s share in the proceeds of the sale, and award a reasonable fee to the attorney appointed to represent him to be paid from the absentee’s share of the proceeds of the sale.” (Emphasis supplied)
The exception noted in Article 4625 is LSA-C.C.P. Art. 4630 which provides:
“If the property sought to be partitioned is divisible in kind, and the defendant timely answers through counsel of his own selection and prays therefor, *279 the court shall render judgment ordering the partition to be made in kind, under the applicable provisions of Chapter 1 of this Title.”
Articles 4621 and 462S provide for partition by licitation regardless of whether the property is divisible in kind when one of the co-owners is an absentee, but these provisions are qualified by the subsequent article in this same chapter of the Code of Civil Procedure which is entitled “Partition When Co-Owner An Absentee”. Spe.cifically, Article 4630 deals precisely with the instant situation and is dispositive of the legal issue presented to the court.
Under Article 4630, if the property is divisible in kind and if a defendant timely files an answer through counsel of his own selection and prays for a partition in kind, the defendant has a right thereto under the applicable provisions of Chapter 1 of Title 9. Article 4606 in Chapter 1, provides that “unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind”.
The official revision comments following the pertinent articles are helpful in interpreting the articles. The comments reveal an intention to broaden the availability of a partition by licitation where there are absentee co-owners, but at the same time to broaden the protection afforded absentees and to afford the same protection to an absentee as that granted a Louisiana resident in partition proceedings.
The Comments following Articles 4602 and 4621 explain that one seeking a partition of property in which an absentee has an interest may proceed under the provisions of either Chapter 1 or Chapter 2 of Title 9. If the plaintiff proceeds under the provisions of Chapter 2, he is entitled to a partition by licitation unless the defendant personally appears and prays for a partition in kind and the property is divisible in kind. The Comments following Article 4630 state that one of the reasons for the Article is “to afford greater protection of the rights of an absentee”. The Comment further states: “Since a Louisiana domiciliary is entitled to a partition in kind if the property is divisible, an absentee should be entitled to the same privilege if he appears personally and claims it.”
Article 4630 confers the right to a partition in kind on any defendant, if the property is divisible and if the defendant timely appears personally and prays for a partition in kind. The fact that there are one or more other defendants who do not appear personally or ask for a partition in kind is of no consequence, and does not diminish the rights of the defendant who elects to proceed under Article 4630.
In the instant suit, five of the six defendants employed counsel of their own selection after an attorney had been initially appointed for them by the court. Each of these defendants filed an answer to the plaintiffs’ petition praying for a partition in kind pursuant to Article 4630. In addition, upon trial of the matter defendants presented evidence, consisting of the un-contradicted testimony of an expert appraiser, Warren Dietrich, who testified that the property was susceptible to being partitioned in kind without loss or inconvenience to the owners. The only evidence presented by the plaintiffs related to proof of their ownership and in no way contradicted the defendants’ evidence that the subject property was susceptible to division in kind.
The favored method of partition under the codal provisions of our law and the jurisprudence interpreting these provisions is a partition in kind as opposed to a partition by licitation. See Oliver v. Robinson, 221 La. 658, 60 So.2d 76 (1952); Aucoin v. Greenwood, 199 La. 764, 7 So.2d 50 (1942); Martin Timber Company v. Brummette, 194 So.2d 136 (La.App. 2d Cir. 1967); Savoie v. Chambers, 62 So.2d 555 (La.App. 1st Cir. 1952); LSA-C.C. Arts. 1337, 1339, 1340; LSA-C.C.P. Art. 4606.
*280 Here, defendants have established that the property is divisible in kind. Under Article 4630, the articles of Chapter 1 of Title 9, and the jurisprudence, the partition must be made in kind.
For the reasons assigned, the judgment of the district court is reversed and set aside insofar as it orders a partition by Imitation. The case is remanded to the district court for the purpose of effecting a partition in kind, in accordance with the applicable provisions of Chapter 1 of Title 9 of the Code of Civil Procedure, of the following described immovable property:
“W-i/£ of SE-J4 of NW-H; NW-J4 of NE-14; and NE-14 of NW-14, Section 32, Township 17 North, Range 10 West, WEBSTER PARISH, LOUISIANA.”
Costs of the appeal are assessed to the plaintiffs-appellees.
Reversed and remanded.