328 So.2d 763 (1976)
A. A. DeLEE et al.
v.
David A. DeLEE.
No. 10590.
Court of Appeal of Louisiana, First Circuit.
March 1, 1976.
W. Lee Overton, Clinton, for appellants.
Richard Kilbourne, Clinton, for appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
This is a suit for partition by licitation brought by Alva A. DeLee, Lovie DeLee Norton, Ruby DeLee Reel, Calhoun A. DeLee, Jesse Clyde DeLee, and Donald C. DeLee against David A. DeLee. Each of the parties is the owner of an undivided *764 one-sixth interest in the hereinafter described properties, except for Jesse Clyde DeLee and Donald C. DeLee, who own an undivided one-twelfth each.
The property sought to be partitioned is described as follows:
"1st: A tract of land, with the improvements thereon, containing 108.5 acres, more or less, in Section 66, TIS R 3 E and being bounded on the north by lands of Austin; east by formerly Matthews; south by Estate of George Dunn and west by the Liberty Road.
"2nd: A tract of land being and situated in the Parish of East Feliciana, State of Louisiana and containing 46.5 acres in Section 66, TIS R 3 E and being bounded north by Ben Dunn Estate; east by the Liberty Road; south by David A. DeLee and west by formerly Percy."
After trial on the merits, judgment was rendered decreeing a partition by licitation, and defendant has appealed.
The major question presented by this appeal is whether or not the property is susceptible of division in kind.
The following provisions of the Civil Code are applicable in making that determination:
"Art. 1336. The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, in conformity, nevertheless, with the following provisions."
"Art. 1339. When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed."
"Art. 1340. It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it."
Our courts have consistently interpreted the foregoing provisions to mean that a judge must order a partition in kind unless it be proved that the property is indivisible by its nature or that loss or inconvenience to one of its owners would be the consequence of dividing it. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959).
The burden of proof therefore rests with those who desire a partition by licitation. The proof offered in this case consists of the testimony of one of the plaintiffs, A. A. DeLee, and of Walter C. Snyder.
Mr. DeLee's testimony was to the effect that the property could not be divided equally without cutting and selling the timber. He was not familiar with the timber growth on the property, however, and was not certain that the acreage of the property was correct.
Mr. Snyder qualified as an expert forester, surveyor and real estate agent. He walked the perimeter of the 108.5 acre tract as indicated by the defendant to him. He paced off the highway frontage of the 46.5 acre tract, but did not walk on it or around it. He did not survey the property or make any estimation of the timber thereon. He testified that most of the property was rolling hills, not subject to overflow except along a creek in the back of the larger tract. He did not know how much of the property was subject to overflow, but "guessed" at twenty acres.
He stated that the lines of the larger tract shown him by defendant did not appear to correspond with the lines shown on the Tobin Aerial Map of the area. He had no survey of the tracts, and was unable to certify that the acreage in the descriptions *765 was correct. He further testified that he was not familiar with property values in that area.
He was of the opinion, based on his observation of the property, that it could not be divided in kind among the heirs so long as the timber remained standing. He gave no reason for this opinion.
The record reveals that the old DeLee family home is located on the larger tract, and that there is a barn built by David DeLee on the smaller tract. The smaller tract was said to be entirely fenced, and the larger to be fenced except along the north line. We are not enlightened as to the shape of the larger tract, the location and value of the house, the barn, the timber, or the pastures.
Lacking the above facts, we do not believe that either Mr. Snyder or this court can say that the property is not susceptible of division in kind. The law does not require that the property be divided into tracts of equal size or shape, nor does it require that the tracts be exactly equal in value. Articles 1365, 1366, 1367, Civil Code. It does require that those who bear the burden of proving property not susceptible of division in kind present to the court sufficient facts on which such an opinion might be based. We find that plaintiffs have failed to bear the burden of proving the property not to be susceptible of division in kind. See McDaniel v. Henry, 159 So. 629 (La.App.1st Cir. 1935).
Defendant has asked to be reimbursed for various amounts allegedly expended on the property. These claims should be dealt with by the notary appointed to make the partition.
The judgment appealed from is therefore amended so as to order that the partition be in kind, and that Robert A. Connell, Notary Public of East Feliciana Parish, be ordered to complete the judicial partition of the property in accordance with the provisions of Articles 1347 et seq. of the Civil Code. All costs of this appeal are to be paid by plaintiffs. All costs of the partition are to be equally borne, by roots, by the parties hereto.
AMENDED AND REMANDED.