PONDER, Judge.
This is a suit for partition by licitation. Defendant appealed suspensively from a default judgment.
The only issue is whether plaintiff sufficiently proved that he was entitled to a partition of the property by licitation.
We reverse.
Plaintiff alleged that he was the owner of an undivided five-sixths interest in a tract of land in St. Tammany Parish; that the defendant owned the other undivided one-sixth interest; that the property was insusceptible of division in kind because of its peculiar shape; and that plaintiff and defendant were unable to agree on a nonjudicial partition of the property.
When defendant failed to file any pleadings, a preliminary default was confirmed.
LSA-C.C. Articles 1339 and 1340 read as follows:
Art. 1339. “When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.”
Art. 1340. “It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
The courts have consistently interpreted these articles to mean that a partition in kind must be ordered unless it is proved that the property is indivisible by its nature, or that loss or inconvenience to one of its owners would be the consequence of dividing it. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959).
In DeLee v. DeLee, 328 So.2d 763 (1st Cir. 1976), this court refused a partition by lici-tation. One of the plaintiffs and an expert in surveying and real estate testified, after having walked the property to become familiar with its topography, that it was not susceptible to division in kind. The court said the plaintiffs had not presented sufficient facts to support their position.
The sole proof in this case consists of the testimony of the plaintiff, who testified that the property was triangular in shape and could not be divided into two equal portions.[1] He concluded that the property could not be divided in kind. There were no facts to support this conclusion.
The fact that this was a confirmation of a default judgment does not lead to a contrary result. LSA-C.C.P. Article 1702 *418 states in part: “A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case See McCarthy v. Plaisance, 289 So.2d 156 (1974). Further, the presumption of correctness on a default judgment does not apply because the testimony was transcribed and forms a part of the record. Ascension Builders, Inc. v. Jumonville, 262 La. 519, 263 So.2d 875 (1972).
The judgment is reversed; plaintiff is cast with all costs.
REVERSED.

. As stated above plaintiff alleged he was the owner of a five-sixths interest.