MORIAL, Judge.
This is an appeal from a judgment ordering a partition by licitation of certain real property located in St. Bernard Parish. The property consists of several business properties and about one hundred fifty lots in Creedmoor Subdivision owned in indivi-sión by the Brouillette brothers, Ranton, Vincent and Bruman. This matter arises out of several legal proceedings involving the Brouillette properties and businesses which have been consolidated for adjudication.
*1165 The partition suit was originally filed in August 1969. In December 1972 the trial judge appointed Raymond McDougall, a notary, to effect a partition in kind of the property where possible, or by licitation. On October 24, 1974 McDougall brought a rule stating that he was unable to amicably partition the property between the parties and suggested that all the properties be partitioned by licitation.
After several attempts to reach a settlement and a hearing, the trial judge ordered the notary to proceed with a partition by licitation of all the properties relying on LSA-R.C.C. Articles 1290, 1336, 1339 and LSA-C.C.P. Article 4607.
Ranton Brouillette appeals praying that the property be partitioned in kind. We agree.
R.C.C. Article 1336 provides:
“The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, in conformity, nevertheless, with the following provisions.”
C.C.P. Article 4606 provides:
“Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind.”
R.C.C. Art. 1339 provides:
“When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.”
R.C.C. Art. 1340 provides:
“It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.”
These articles have been jurispru-dentially interpreted to mean that a judge must order a partition in kind unless it be proved that the property is indivisible by nature or that loss or inconvenience would be the consequence of dividing it in that manner. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959), DeLee v. DeLee, 328 So.2d 763 (La.App. 1 Cir. 1976). The burden of proving these facts is, therefore, on the party seeking liquidation by judicial sale. National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4 Cir. 1973).
Mr. McDougall’s testimony consisted of a single statement that he had been unable to fairly divide the property and that the parties were unable to reach an agreement on the division of said property. He offered no evidence to support a conclusion that a partition in kind would result in the loss in value of the property or that it would be to the disadvantage of any of the parties.
Ranton Brouillette testified that the bulk of the property consisted of vacant lots which were similar in value. He stated that he had drawn up a specific plan for dividing the lots among the three parties. Apparently the defendants would not agree to this plan.
Vincent Brouillette also agreed that the property should be partitioned in kind but proposed that numbers be assigned to the lots and then placed in a container and drawn to effect the division. He suggested using the same plan with regard to the remaining property.
Having reviewed the record, we find that the trial judge erred in ordering a partition by licitation. The court may not rely on the mere conclusion of the notary that the property is insusceptible of division in kind. McDaniel v. Henry, 159 So. 629 (La.App. 1 Cir. 1935). Mr. McDougall failed to present evidence to show that the property is indivisible by nature or that loss or inconvenience to one of the owners would result. The testimony of the co-owners clearly establishes that they desire a partition in kind of their property.
*1166 In the absence of evidence showing the property to be insusceptible of a partition in kind, the judgment of the district court is reversed and set aside and the case is remanded in order to effect a partition in kind in accordance with LSA-R.C.C. Article 1347 et seq.
For the foregoing reasons the judgment of the district court is reversed and set aside and the case is remanded.

REVERSED, SET ASIDE AND REMANDED.