COLE, Judge.
At issue is whether the tract of land owned in indivisión by plaintiffs and defendants is susceptible to a division in kind without diminution of its value, or loss or inconvenience to one of the owners. C.C. art. 1340.
Plaintiffs, Frank G. Sullivan, Jr., and Richard C. Bennett, and defendants, Richard W. Albert and Charles H. Albert, are owners in indivisión of a 65.74 acre tract located in the northeast quarter of Section 48, T6S, R2E, Greensburg Land District, East Baton Rouge Parish. The plaintiffs each own an undivided % interest; defendants each own an undivided u/« interest.
Plaintiffs petitioned the court for a partition by licitation. Defendants answered asserting the property should be partitioned in kind. After hearing the testimony of three expert real estate appraisers, the trial court ordered a partition by licitation. Defendants appeal.
The following articles from the Civil Code and Code of Civil Procedure are applicable:
C.C. Art. 1289. No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition.
C.C. Art. 1339. When the property is indivisible by its nature, or when it can not be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice and advertisements prescribed by law, and in the manner hereinafter prescribed.
C.C. Art. 1340. It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it.
*143 C.C.P. Art. 4606. Except as otherwise provided by law, or unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind.
The property to be partitioned is a largely undeveloped rectangular tract which fronts the Amite River on its eastern end. Its dimensions are approximately 820 feet along its eastern and western boundaries and 3600 feet along its northern and southern borders. All but approximately four to five acres in the northwest corner are subject to periodic inundation. The only access to the tract is by Morgan Road, which penetrates some 500 feet into the northwest part of the tract before the road comes to a dead end. The improvements on the land consist of some fencing and four small frame buildings of little value clustered in the northwest corner along Morgan Road. Only one of the buildings is occupied. A small portion of the land is cleared and used for gardening and livestock. The rest of the tract is covered with vegetation and used principally for hunting and as a source of fire wood.
The three expert real estate appraisers who testified agreed the high land was significantly more valuable per acre than the low land. They also were in accord that the best use of the high land was for homesites, especially since this part of the tract borders Bellingrath Estates subdivision. The low lands were said to be best suitable for recreational uses, such as elevated campsites, or for mining of sand and gravel, if these substances are present in sufficient quantity. Because of weight restrictions on Morgan Road, mining operations would have to be conducted from dredge boats on the Amite River.
Two expert appraisers, Kermit Williams and John Lejeune, testified for plaintiffs. Both stated that although the tract was by nature divisible, it could not be divided conveniently. Williams explained each of the four parcels created must have some frontage on Morgan Road for access. Since there is only 500 feet of roadway and it is located in the northwest end, the parcels would necessarily be irregularly shaped. Williams was of the opinion the irregularly shaped parcels collectively would have less value than the undivided tract. He also felt it would be an inconvenience if each owner did not receive some river frontage. This would only be possible by creating long, narrow, irregular parcels.
Lejeune emphasized the impossibility of giving each owner a portion of the high land with sufficient frontage on Morgan Road to meet the zoning restrictions for homesites. He also opined the tract could not be conveniently divided because of the problem of giving each parcel a means of egress and ingress.
In contrast, defendants’ expert appraiser, Oren W. Russell, testified the tract could be divided into parcels without loss of value. His proposed scheme of division would give each parcel some frontage on Morgan Road, but would not distribute the high land and the river frontage among the four owners. Russell admittedly had not given much consideration to a three-way or four-way partition. Instead he had incorrectly assumed in preparing his report that the property need be divided only into two parcels, one for plaintiffs and one for defendants. However, at trial he stated that though it was more difficult, the tract could be divided into three or four portions without diminution of value.
Our courts have consistently interpreted the above-quoted codal provisions to mean a judge must order a partition in kind unless it be proved the property is indivisible by nature or that a loss or inconvenience to one of its owners would be the consequence of dividing it. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959). The burden of proof therefore rests with plaintiffs in this case since they desire a partition by licitation. DeLee v. DeLee, 328 So.2d 763 (La.App. 1st Cir. 1976).
Like the trial court, we conclude plaintiffs have successfully carried the burden of proof. As was stated in Oliver v. Robinson, 221 La. 658, 60 So.2d 76, 78 (1952), and Bordelon v. Sterkx, 237 La. 612, 111 So.2d 791, 798 (1959):
*144 The issue therefore resolves itself into a question of fact and of the weight to be given to the testimony of the witnesses who testified for the plaintiffs and those who testified for the defendants. The trial judge, who observed and heard the witnesses testify, concluded, as evidenced by his judgment * * * that the property could not be divided in kind without diminishing its value, and, after reading the record, we cannot say that he erred in his findings.
We agree with plaintiff’s expert that to avoid inconvenience and loss to any owner not only should each parcel have frontage on Morgan Road, but each should also have river frontage since access to the river is a major asset of the tract. See Meyer v. Pargoud, 34 La.Ann. 969 (1882); Pryor v. Desha, 204 La. 575, 15 So.2d 891 (1943); Roy v. Hazelton, 349 So.2d 1373 (La.App.3d Cir. 1977); Murdock v. Cordova, 180 So.2d 550 (La.App.3d Cir. 1965). The highest and best use for the low lands agreed to by all three experts depend upon access to the river. It is obvious a division which gives both road and river frontage to each parcel would result in very irregularly shaped portions. Williams testified the combined value of these irregular parcels would be less than that of the undivided tract. Russell’s opinion that there would be no diminution in value related to his proposed division which did not equitably divide the river frontage.
For the foregoing reasons, the judgment of the district court is affirmed. Costs of this appeal are to be borne by appellants.
AFFIRMED.