424 So.2d 531 (1982)
Peter Joseph McCULLOUGH and Mildred Torres McCullough
v.
Mrs. Ruby Johanna Knollman HART and Mrs. Marguerite Grace Knollman Orr.
No. 5-262.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Linda G. Johnson, New Orleans, for plaintiffs-appellees.
Wilmer Glauner Hinrichs, New Orleans, for defendants-appellants.
Before CHEHARDY, KLIEBERT and CURRAULT, JJ.
CHEHARDY, Judge.
This is a suit for partition of six parcels of immovable property in St. John the Baptist Parish, Louisiana. From a judgment ordering partition by licitation, defendants appeal. We set aside that judgment and remand the case for presentation of further evidence.
*532 The plaintiffs, Mr. and Mrs. Peter McCullough, allege that they own an undivided one-half interest in the six lots and that the defendants, Mrs. Ruby Hart and Mrs. Marguerite Orr, each own an undivided one-fourth interest. Plaintiffs' petition asserted they and the defendants were unable to agree on a nonjudicial partition. They averred the property is divisible in kind, but pleaded alternatively it is insusceptible of division in kind because an old house and several old outbuildings are constructed thereon. Plaintiffs also alleged an inventory was unnecessary, and stated they were filing a sworn descriptive list of the property in place of an inventory. (No such descriptive list is in the record before us.)
The defendants, after numerous requests for extensions of time to enter responsive pleadings, filed an answer averring that plaintiffs' description of the property was incomplete; that the improvements located on one of the lots are in such deteriorated condition they would pose no barrier to an in-kind partition; and that plaintiffs refused to agree to an in-kind partition, were adamant in wanting the sale of the property as a whole, and had rejected numerous proposals for the nonjudicial partition of the property.
The trial took place on April 22, 1981. There is no transcript of the proceedings, and it is clear from the appellants' brief that no testimony was presented, the case being submitted on the pleadings and the few documents entered in evidence by the parties. Based on this and on a rough sketch of the property attached to defendants' supplemental and amended answer, the trial judge rendered judgment ordering a partition by licitation. In his reasons for judgment, he stated:
"Action for partition of four parcels of land. The cursory inspection of the map attached to the pleadings reveals four narrow strips of land, non-contiguous and with the front small parcel fronting on the river and the remaining three parcels in line but disconnected with the rear of the last parcel at the 80 Arpent Line.
"Division in kind would render the divided parcels almost valueless and certainly would diminish the value of the lands as a whole.
"This court must find that partition by licitation must be had."
Defendants have appealed. They seek, first, a reversal on a finding the property cannot be partitioned in kind. Alternatively, if any portion of the property is found to be subject to partition by licitation, defendants seek to have the public sale ordered on the parcels separately rather than as an aggregate, and further to have the court establish a minimum price for the first public offering.
The exhibits consisted of four letters from Raymond Gendron, a realtor in Norco, Louisiana. In Exhibit D-1, dated July 15, 1976, Gendron stated he had made an appraisal of the property, and he valued it as a whole at $68,884.00. Exhibit D-2 is another letter from Gendron, dated July 15, 1976, in which he divided the property into four parcels. (He stated his title research indicated the other two lots had been sold previously.) He also stated he could not determine if there were any batture rights to the property. He valued the four parcels separately at $32,138.00, $28,950.00, $38,987.00 and $3,250.00.
Exhibit D-3 is Gendron's October 18, 1977 reply to a letter from defendants' counsel, in which Gendron confirmed that the property would bring less if sold as one parcel rather than in individual pieces.
Exhibit P-1 is a May 22, 1980 letter from Gendron to plaintiff Peter McCullough, in which he stated, "Due to the narrow widths of the properties * * *, it is not advantageous to divide these properties in kind." This sentence was followed by a description of the properties substantially like that contained in plaintiffs' original petition.
LSA-C.C. arts. 1339 and 1340 provide:
"When the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the heirs, on proof of either of these facts, that it be sold at public auction, after the time of notice *533 and advertisements prescribed by law, and in the manner hereinafter prescribed." Art. 1339.
"It is said that a thing can not be conveniently divided, when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it." Art. 1340.
Generally, partition in kind is favored over partition by licitation, and unless the property is indivisible by nature or cannot conveniently be divided, the court shall order partition to be made in kind. LSA-C. C.P. art. 4606.
One who brings an action against his co-owners for partition by licitation of the property has the burden of establishing that the property is not susceptible of division in kind. Tri-State Concrete Co., Inc. v. Stephens, 406 So.2d 205 (La.1981); Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959).
In determining whether property can be divided into parcels of equal value for an in-kind partition without adversely affecting the value of the whole, only the present value is considered. National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4th Cir.1973), writs denied 276 So.2d 701.
The only evidence as to value of the land presented in the court below were Mr. Gendron's five-year-old estimates. There was no evidence of its current value based on the nature of its present use.
In addition, the record does not establish the extent of the parties' property rights. The description of the lots in the petition noted exceptions, prior transactions in which portions of some of the lots were sold off, and contained a reservation to the parties' ancestor-in-title of mineral rights and batture rights. If, as defendants contend, these rights still exist in the parties before us, then obviously their value would need to be included to properly determine a partition.
We conclude the plaintiffs did not prove, by a preponderance of the evidence, that the properties are not subject to a partition in kind.
On the other hand, there is some evidence that one or more of the lots may not conveniently be divisible. This evidence, however, is insufficient to establish clearly such indivisibility.
All in all, it would be unjust for us to affirm or reverse the trial judge's decision on the meager evidence before us. The court of appeal may remand a case to the trial court for introduction of further evidence where it is necessary to reach a just decision. LSA-C.C.P. art. 2164; Succession of Brice, 390 So.2d 905 (La.App. 2d Cir. 1980); Guilott v. Guilott, 326 So.2d 551 (La. App. 3d Cir.1976), writ denied 330 So.2d 316.
Considering our decision, it is unnecessary to address the other issues raised on appeal. For the foregoing reasons, therefore, the judgment of the district court is set aside and the case is remanded for further proceedings consistent with this opinion. Assessment of costs for this appeal shall await final determination of the partition action.
SET ASIDE AND REMANDED.