PONDER, Judge.
Plaintiffs, owners of an undivided one-fifth interest of some property, appealed the judgment ordering a partition by licitation.
The issues are whether the property can be partitioned in kind and, if not, whether a minimum price should be set for its public sale.
We affirm.
Plaintiffs, as owners of an undivided one-fifth interest in a 22.02 acre tract of land, instituted suit against the defendants seeking a partition in kind. Because the named defendants had sold their four-fifths interest in the property to Theodore B. Blanchard, the latter was substituted as the proper party defendant. He then answered contending the tract could only be divided by licitation.
The parties stipulated that the plaintiffs owned one-fifth and the defendant four-fifths of the tract containing 22.02 acres and measured 350.14 feet across the front on a public road, 379.82 feet across the rear, with depths of 2,617.50 feet on the east boundary and 2,634.42 feet on the west boundary.
The trial court ruled that the property could not be divided in kind without a diminution in its value and loss or inconvenience to the owners and ordered the property sold at public sale to effect a partition by licitation.
The applicable law has been summarized as follows:
“The general rule is that partition in kind is favored over partition by licitation. Unless the property is indivisible by nature or cannot conveniently be divided, the court shall order the partition to be made in kind. La.Civ.Code art. 1339; La. Code Civ.P. art. 4606. Property cannot be conveniently divided when a diminution of its value, or loss or inconvenience of one of the owners, would be the consequence of dividing it. La.Civ.Code art. 1340. The burden of proof is on the party seeking partition by licitation to prove that the property cannot be divided in kind. Babineaux v. Babineaux, 237 La. 806, 112 So.2d 620 (1959); National American Bank of New Orleans v. Cleveland, 273 So.2d 848 (La.App. 4th Cir.), writ refused, 276 So.2d 701 (La.1973).
“In order to effect a partition in kind, the property must be divided into lots of equal or nearly equal value. It is the function of experts to form the lots which thereafter must be drawn by chance, and not selected, by the co-owners. It is not within the power or province of the judge or the experts to suggest that a certain part or parts of the property be set apart or allocated to one of the co-owners. *1152 There must be as many lots as there are shares or roots involved. Pryor v. Desha, 204 La. 575, 15 So.2d 891 (1943); Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652 (1931). See La.Civ.Code arts. 1364 and 1367.” Tri-State Concrete Company, Inc. v. Stephens, 406 So.2d 205 (La.1981).
Plaintiffs contend the defendant failed to carry his burden in showing that a partition in kind would diminish the value of the property or cause any of the owners to suffer a loss or inconvenience.
Experts for the plaintiffs and for the defendant agreed that the highest and best use of the property as a whole is for residential development. It is level, well drained, with access to three roads. Adjacent to the property is a newly developed subdivision. At present, the tract is used as a pasture.
A partition in kind would require the division of the property into five lots, four to be drawn by the defendant and one to be drawn by plaintiffs. The trial court correctly found that in each of the plans for division presented by plaintiffs, it would be possible for plaintiffs to draw a lot without access to a road. Defendant testified he would give or sell property to establish a passageway only if ordered to do so by the court.
To insure access, each tract would require frontage on the public road. As a result, the five lots would measure approximately 70 feet wide and 2600 feet long. Plaintiffs’ own expert testified that such a division would greatly diminish the value of the property. Defendant’s expert agreed.
If the property is partitioned in kind, the tracts drawn by defendant might not be contiguous. While not per se creating inconvenience to the owner, the lack of contiguity should be considered. Tri-State Concrete Company, Inc., supra.
The trial court found that defendant had shown sufficient proof of inconvenience and diminution in value so that partition should be by licitation. We find no error.
Plaintiffs request that the court set a minimum price that the property must bring at public sale.
The court has the discretion to direct the manner and conditions of effecting a partition so that it will be most advantageous and convenient to the parties. La.C.C.P. art. 4605; La.C.C. art. 1336.[1]
The property is 22.02 acres, valued between $5,000.00 and $8,000.00 per acre and described as a good piece of land. Residential development is occurring in neighboring properties. Appellants have not shown that there will be insufficient competitive bidding for the property to protect the parties. Furthermore, there has been no showing of inequality in bidding power other than the difference in owned portions.
For these reasons, the judgment of the trial court is affirmed at plaintiffs’ cost.
AFFIRMED.

. La.C.C.P. art. 4605:
A partition proceeding shall be tried with preference over other ordinary proceedings.
After the trial of the proceeding, if the court finds that the plaintiff is entitled to a partition of the property, the court shall appoint a notary to make the partition in accordance with law.
Except as otherwise provided in Article 4606, the court has discretion to direct the manner and conditions of effecting the partition, so that it will be most advantageous and convenient to the parties.
La.C.C. art. 1336.
The judge who decides on a suit for a partition and on the mode of effecting it, has a right to regulate this mode as may appear to him most convenient and most advantageous for the general interest of the co-heirs, in conformity, nevertheless, with the following provisions.